## W. A. SHAFFER *v.* J. A. SCUDDY.

*In a petitory action, the defendant is bound to plead all the titles under which he claims to be owner, and a final judgment rendered in favor of the plaintiff may be pleaded as* res judicata *against any title which the defendant was possessed of at the time, but omitted to plead.*

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J. *Connelly & Rightor*, for plaintiff and appellant. *Beatty & Bush*, for defendant.

COLE, J. On the 13th of May, 1858, *W. A. Shaffer* instituted the present suit in the District Court of Lafourche, claiming to be the owner of lots 5 and 6, in section No. 71, T. 17, R. 16, East, by purchase from *William J. Minor*, on the 23d of December, 1851, and praying " that he have judgment against said *Scuddy*, quieting him in his title, possession and enjoyment of the aforesaid lots five and six, in section 71, T. 17, R. 16, East ; that said *Scuddy* be forever enjoined from setting up title to said tract of land and disturbing your petitioner in his possession and enjoyment of the same."

To this action *Scuddy* filed two peremptory exceptions and an answer.

The exceptions were sustained, and the action was dismissed.

Our view of this case renders it necessary to consider but one of the exceptions, which is the plea of *res judicata*, founded on the suit of *Shaffer* v. *Scuddy*, 10 An. 134.

It is admitted that the thing demanded in the present suit and in that in 10th Annual is the same.

It is contended, however, that the cause of action is not the same, because in the former action reported in 10 An. 134, *Shaffer* offered two titles in opposition to that of *Scuddy*, viz : one derived from *Madelaine Billio*, and the other obtained by *Shaffer* from the State of Louisiana; and that he bases this action upon a title derived from *W. J. Minor*.

In the former suit, *Scuddy* represented himself to be the owner of the land now in contestation, and prayed to be declared the owner and proprietor of the same.

The judgment of this court decreed *Scuddy* to be its owner, and also that he recover possession from *Shaffer*, of this tract of land, and that the case be remanded to be tried as to the claims of *Shaffer* against his warrantor. 10 An., p. 136.

In the former suit *Scuddy*, then, declared himself to be the owner of the land ; but he could not be the real proprietor, if there existed an outstanding title superior to his. In proclaiming himself to be the owner, *Scuddy* in fact averred his title to be of higher rank than any other, and particularly, than any held by *Shaffer*, whom he directly sued as being in wrongful possession of the land.

The former suit was filed on the 8th of April, 1851 ; judgment therein was rendered by the District Court on the 24th of June, 1854, and by this court on the 9th of January, 1855. *Shaffer* avers to have derived his title from *W. J. Minor* on the 23d of December, 1851. Now, as the issue in the former suit was, whether *Scuddy* or *Shaffer* was the true owner of this land, it was the duty of *Shaffer* to have plead not only the titles derived from *Billio* and the State of Louisiana, but

also, that derived from *Minor*. As the last was not plead, it must be presumed that *Shaffer* had no confidence in the same.

When an issue is made between the parties to a suit, each is presumed to adduce all the evidence in his power to enable the issue to be determined correctly.

If one of the parties neglects or does not wish to introduce a part of his evidence when it is known to him, the issue cannot, after a final decision, be again opened to enable him to do so. If this were possible, litigation would be uselessly continued. If a party has four titles, he could institute in succession four different suits, instead of having the issue of ownership terminated in one suit. C. C. 2265; *Williams* v. *Close*, 12 An. 878. Even if the answer of *Shaffer* had been filed in the former suit, previously to the purchase of the title of *Minor*, this would not have hindered him from amending his answer and pleading the title of *Minor*, for the issue was, whether *Scuddy* or *Shaffer* was the owner of the land, and the amendment would have been pertinent to the issue.

It is also argued, that even admitting the demand to have been between the same parties, still, that *Shaffer* does not appear in the same capacity in both suits. That in the first suit he acted as the vendee of *McMasters;* in this, he acts as the vendee of *Minor*, and that in the former suit he was a mere formal and technical defendant in the case; *McMasters*, his warrantor, being the real defendant. Appellant relies upon *Millaudon* v. *McDonough*, 18 La. 103.

The record shows that *Shaffer* took an active part in the defence in the first suit; but even conceding that he did nothing therein, except to cite his warrantor to defend it, still he was one of the defendants. He was directly sued as being in possession of land belonging to *Scuddy*. It was in the power of *Shaffer* to have plead the title of *Minor*, notwithstanding he had called *McMasters* in warranty. The latter was cited to defend the title he had sold to *Shaffer*, but not to maintain titles that *Shaffer* might have derived from other parties.

The call in warranty was merely one of the modes by which *Shaffer* could have defended the suit.

The issue of ownership contested not only the title derived from *McMasters*, but any other that *Shaffer* might have.

When a vendor of land is called in warranty by his vendee, in a suit in which plaintiff asserts himself to be the owner of the land, the vendee is as much a defendant as his warrantor. The latter is only called in to defend the title he has sold, whilst the vendee can defend his claim to the land not only by that derived from his warrantor, but by any titles he may have derived from other parties.

The warrantor is bound to defend the title he has sold, but the vendee can resist the ownership of plaintiff by any defence personal to himself and pertinent to the issue, and is thus a defendant as much as the warrantor. Besides, the vendee can defend the title derived from his warrantor, notwithstanding the latter has been called in to maintain it. In calling the warrantor, the vendee does not deprive himself of also upholding the title, that the former is called upon to protect.

Judgment affirmed, with costs of appeal.