No. 1701.—STATE OF LOUISIANA *v.* CLINTON AND PORT HUDSON
RAILROAD COMPANY.

Where a judgment rendered in favor of an opposing creditor on opposition to a liquidator's ac-
count has become final, and forms *res judicata*, the liquidator will not be allowed, in an-
swer to a rule to show cause why it should not be paid according to its rank and privilege,
to go behind the judgment and set up defenses that might have been pleaded before
judgment.

APPEAL from Fifth District Court, Parish of East Feliciana, *Posey*,
J. *Hunter*, for appellant. *McVea*, for appellee.

WYLY, J.   On the opposition of H. Hawford to the final account of
B. Haynes, liquidator of the Clinton and Port Hudson Railroad Com-
pany, there was judgment for said Hawford on the twenty-sixth No-
vember, 1858, for $500, with eight per cent. interest from fifth August,
1847, "to be ranked as one of the privileged law charges against said
corporation."

On the seventh June, 1867, a rule was taken on the present liquidator
of said company, Charles McVea, to show cause why said judgment
should not be allowed and paid as a privileged claim.   This rule was
made absolute, and the defendant has appealed.

The defendant, Charles McVea, liquidator, etc., sets up that when L.
Sanders  and others, commissioners of said Railroad Company,
filed their account, the plaintiff in this rule opposed the same, on the
ground that no interest was allowed on his claim, and on the eleventh
February, 1854, there was judgment on that opposition, dismissing the
same and homologating the commissioner's account.

This seems to be merely a contest about the interest on the claim of
plaintiff in the rule.

The liquidator contends that the payment of interest is not warrant-
ed by law, and claims that if either judgment should be paid it is the
one rendered on the opposition to the commissioner's account, on the
eleventh February, 1854.

This rule is based upon a judgment rendered contradictorily with B.
Haynes, the former liquidator, on the twenty-sixth November, 1858,
wherein the plaintiff recovered judgment for $500, with eight per cent.
per annum interest thereon, from the fifth August, 1847, with the rank
of one of the privileged law charges against said corporation.   No ap-
peal has been taken, and that judgment is now "*res judicata*."

The judgment of the eleventh of February, 1854, might have been
used as a defense against the allowance of interest on the trial of the
opposition to the liquidator's account in 1858   It cannot be set up now.

The defendant will not be permitted to go behind that judgment and
urge the defense which should have been made at the time.

It is therefore ordered that the judgment appealed from be affirmed
with costs.