## No. 375.

### SUCCESSION OF E. C. HART.—Opposition to Account.

The grounds for opposing the judgment placed on the tableau, are such as should have been presented before its rendition, and can not be urged in this proceeding. If the heirs are injured by the failure of the administrators to set up those grounds, there is a remedy at the proper time and before the proper tribunal. Their prayer to amend the judgment can not be heard, because they are appellees.

The order to the administrators to pay the said judgment out of the first funds, may not be strictly regular, but it is of little importance in this instance, as the question of privilege can not arise, and no other creditor seems to be contesting.

APPEAL from the Parish Court, parish of Caddo. *Smith*, J. *Nutt & Leonard*, for opponent and appellee. *Egan & Wise*, for administrators and appellants.

HOWELL, J. A motion is made to dismiss this appeal on the grounds:

*First*—Because all parties interested in maintaining the judgment appealed from have neither been made parties to the appeal nor cited to answer. It is urged that appellants caused a curator *ad hoc* to be appointed and cited to represent several absentees, who are interested to maintain the judgment. As the succession is admitted to be entirely solvent, those parties can not be affected by any change in the judgment appealed from, and hence they are not necessary parties. There is no distribution of funds made in these proceedings.

*Second*—Because the record was not filed in this court within the legal delay.

It is within the recollection of the Court that an order was granted extending the time to bring up the appeal, and we can not make the appellants suffer for the omission of the clerk of this Court to do his duty and make an entry of the order. The authority cited does not apply.

*Third*—Because the judgment in case of Spyker *v.* Hart was rendered contradictorily with the administrators and appellants, has the effect of *res judicata,* and has been acquiesced in by them, placed on the tableau and partly paid.

The alleged payments were made prior to the appeal herein, and do not debar appellants from complaining of the terms of the judgment on the oppositions. They do not deny the verity of the judgment, but complain that they have been ordered to pay it in an illegal manner. They have not acquiesced in or partially paid the judgment from which they have appealed.

*Fourth*—Because neither in the court *a qua* nor in this Court is said judgment in favor of Spyker, so allowed, opposed by any person or persons, who have proved themselves to be either heirs or creditors of E. C. Hart, deceased; and because no parties but the administrators have appealed.

This refers to Cornelia Hart, who opposed the said judgment, as allowed on the account, as widow and tutrix. The objection might avail to dismiss her opposition, but not the appeal taken by the administrators.

The motion to dismiss is overruled.

## ON THE MERITS.

Mrs. Spyker, as widow and administratrix, ruled the administrators of this succession to file an account and show cause why they should not pay the judgment in the case of Spyker *v.* Hart.

An account was filed, in which the said judgment, subject to certain credits, was placed among other debts unpaid. Oppositions to the account were filed by Cornelia Hart, and the administratrix of Spyker, from the judgment on which the administrators of this succession appealed.

We deem it unnecessary to notice the questions of practice and pleading which have been presented, as we see no reason for making any material change in the judgment, and the ultimate rights of the parties will not be affected, the succession being solvent and the remedies of such parties obvious.

The grounds for opposing the Spyker judgment are such as should have been urged before its rendition (13 An. 416; 14 An. 575), and

can not be urged in this proceeding. If the heirs are injured by the failure of the administrator to set them up, there is a remedy at the proper time and before the proper tribunal. Their prayer to amend the judgment can not be heard, because they are appellees.

The order to the administrators to pay the said judgment out of the first funds may not be strictly regular, but it is of little importance in this instance, as the question of privilege can not arise, and no other creditor seems to be contesting.

Judgment affirmed.