# Case No. 9,987.

## MYERS et al. v. D'MEZA.

### [2 Woods, 160.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

ESTOPPEL—RES JUDICATA—LIEN—SPECIFIC PERFORMANCE.

A creditor of a succession claimed title to a part of the proceeds of a life insurance policy, on the ground that the policy had been pledged to him to secure a debt due him from the testator, but his claim was rejected by the court, on the ground that there had been no delivery of the pledge: *Held*, that this decision was no bar to a bill in equity to enforce a specific performance of the contract to deliver the pledge and for a decree for so much of the proceeds of the policy as might be necessary to pay the complainant's claim.

In equity. Heard upon bill and plea in bar. The case made by the bill was as follows: The complainants, [Myers & Levy,] during the lifetime of [A. D.] D'Meza, advanced to him the sum of $3,524, on the condition that he would assign to them a certain policy of insurance on his life for $5,000. D'Meza did indorse an assignment on the policy, but died before delivering the policy to complainants. His executor, instead of complying with the contract of his testator by delivering the policy to complainants, collected the money due thereon from the insurance company, and refused to pay the same to complainants. So much of the amount collected as was necessary to pay the sum advanced by complainants to the testator was, by the order of the probate court, kept separate from the other assets of the succession. The prayer of the bill was for a specific performance of the contract to assign the policy, and for an order enjoining the executor from paying out said money, or mingling it with other funds of the succession, until the final decree in this case, and that said executor might be ordered to pay over said $3,524 to the complainants. To this bill the defendant filed a plea to the effect, that on an opposition to

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the provisional account and tableau of distribution filed by him in the probate court, in his said capacity of executor of the succession of D'Meza, the said complainants did claim the same thing, founded on the same cause of action as that demanded of defendant in this case, and judgment was rendered dismissing said opposition, which on appeal to the supreme court of Louisiana was affirmed. In other words, the defendant claimed that the question raised by this litigation had been decided by a court of competent jurisdiction, in a proceeding between the same parties, and that such decision was a bar to suit.

Harry T. Hays and J. H. New, for complainant.

A Voorhies and W. Voorhies, for defendant.

WOODS, Circuit Judge. The proof to support the plea is a certified transcript from the record of the probate court of the parish of Orleans, of the opposition of the complainants, Myers & Levy, to the provisional tableau of the defendant, as executor of A. D. D'Meza, and the decree of the supreme court rendered on appeal. The provisional tableau to which their opposition was made shows that Myers & Levy were placed in the same as ordinary · or general creditors. The opposition to this tableau represented that opponents had a special lien on said policy of $5,000, to secure the payment of their debt, and prayed that they be declared to have a privilege upon said life policy, or the funds received thereon, and that the executor be ordered to pay the opponents said sum of three thousand, five hundred and twenty-four dollars.

It seems to me quite clear that a judgment that the complainants in this case had no lien or privilege on this fund does not bar them from setting up an absolute title to the policy, or to a part of its proceeds. It is plain from the opinion of the supreme court, that the claim of the complainants to a specific performance of the contract of D'Meza, to transfer to them the policy, has never been adjudicated upon.

The supreme court, in affirming the judgment of the probate court, dismissing the opposition to the tableau, say: "Whether opponent's remedy were an action to enforce the verbal contract, with regard to the policy, or a suit for breach thereof, it is unnecessary to decide in disposing of this case. But it is proper to remark, that a contract or promise to transfer or deliver a collateral to secure a debt resulting from the payment by the indorsers of notes indorsed for accommodation, gives no privilege or pledge upon the collateral, not transferred or delivered in pursuance of said contract or promise." Succession of D'Meza, 26 La. Ann. 35. It appears from this as well as from the opposition to the tableau, that the opponents were setting up a claim to the fund as to a thing pledged. The case went against them, because it appeared that the thing which was claimed as a pledge had never been delivered. On this ground alone the court decided against them. Can there be any doubt that a decision of that controversy does not bar the complainants from praying a specific performance of the contract to deliver the pledge? It is clear, that this would be an entirely different issue, and would not be decided by a judgment, finding that the pledge had never been delivered. To ascertain what is demanded in a particular suit, in order to determine whether it is a bar to another suit brought, resort must be had to the prayer of the petition. Slocomb v. Lizardi, 21 La. Ann. 355.

The prayer of the opposition to the tableau, and the prayer of the bill in this case, differ in the relief sought, and the title to the relief sought is different in the two cases. But the defendant says, that when a party has brought suit upon a particular title, and has been defeated, he cannot afterwards bring another suit for the same thing upon another title, unless he acquired such title since the former demand. In support of this proposition he cites the cases of Williams v. Close, 12 La. Ann. 873, and Shaffer v. Scuddy, 14 La. Ann. 576. But these authorities do not settle the question raised by the plea in bar. It may well be held, that if a plaintiff has two titles to a thing, one derived from A. and the other from B., and he brings suit for the recovery of the thing to which his titles relate, and offers in evidence only the title derived from A., and loses his case, he cannot afterwards bring another action and set up the title derived from B. The reason is, that he might have used both titles in his first suit. But in this case, the complainants having claimed in the probate court, to have a pledge of the policy, could not at the same time set up an absolute title. Evidence to sustain title would not have been pertinent to the issue and would have been excluded. In fact, the probate court would not have had jurisdiction of a suit for the specific performance of the contract. Code Prac. art. 126.

I am of opinion, that the controversy presented by the bill in this case, has never been passed upon, and it would be depriving the complainants of their day in court upon it, to hold them concluded by the proceedings in the probate court. The finding of this court must, therefore, be against the plea of defendant.