## No. 1,201.

### JOHN T. LUDELING VS. J. & C. CHAFFE, ET AL.

Where plaintiff has brought a hypothecary action against a third possessor for the recognition of his mortgage on property held by the latter, and for a decree that the property be sold to satisfy the same, and has recovered contradictory judgment to that effect, which has become final, and has issued execution thereon, said judgment is *res judicata* as to all antecedent matters which he urged, or might have urged, as defenses in said suit; and he cannot set them up again as grounds for an injunction against the execution of the judgment.

When a judgment of revival of a judgment against a bankrupt debtor has been rendered contradictorily with the assignee in bankruptcy who has been cited and has answered, such judgment cannot be treated by a third person as an absolute nullity and collaterally attacked without any action or prayer to annul it. The propriety of such a proceeding finds countenance in several decisions of this Court, and presents a grave question, which it is to be assumed was considered and passed upon by the judge who rendered the judgment.

Other questions considered and determined.

APPEAL from the Fifth District Court, Parish of Ouachita. *W. F. Millsop*, Judge *ad hoc*.

Plaintiff and Appellant *in propria persona*.

*Stubbs & Russell and C. J. & J. S. Boatner* for Defendants and Appellees :

In a motion to revive a judgment against a person since deceased, and who had made a surrender in bankruptcy, the assignee is the proper person to cite. Stackhouse vs. Zunts, 36 Ann. 529.

Until an assignee or executor files his final account and is discharged, he still preserves his official function, though there may be no property to administer. 35 Ann. 1022.

A motion to revive a judgment is not a new suit, but a mere continuance of a pending cause. A curator may therefore be legally appointed to represent the absent defendant, though he have no property in the State. The court obtains jurisdiction by the original service of the original citation. 33 Ann. 314.

A final judgment of a court of competent jurisdiction imparts absolute verity, and cannot be attacked or questioned collaterally. Kent vs. Brown, 38 Ann. 813, and cases there cited.

The third possessor of property is not entitled to ren's and revenues after judicial demand·

The seizure under the *fi. fa* herein cuts off plaintiff's right to the use of the property unless he elects to pay the debt for which it was seized. See authorities cited 2 Hen. p. 1195.

The third possessor is not entitled on eviction to demand the value of improvements placed upon property by his vendor, when he has called his vendor in warranty and obtained judgment for the full amount of the purchase price. 11 Ann. 501.

An injunction cannot issue on grounds which were or might have been pleaded before judgment. 12 Ann. 197, 313; 6 Ann. 252; 8 Ann. 6, 489; 13 Ann. 112, 374.

An njunction cannot issue to regulate the effects of a seizure with reference to a mortgage or privilege. The proper remedy is the third opposition. 5 R. 496; 10 R. 28; 2 Ann. 762; 11 Ann. 275 ; 14 Ann. 404.

An injunction based upon the ground that the sheriff had not obeyed the instructions of defendant, with respect to the advertisement, will not be sustained when other grounds are alleged which prevent the change of advertisement to correspond with plaintiff's directions, and arrest the sale until the court passes on the same.

The law giving the defendant the right to select the paper in which the advertisement shall be inserted is merely directory, and its violation gives no ground for injunction except on allegation of irreparable injury.

----

The opinion of the Court was delivered by

FENNER, J.   This is an injunction suit to restrain the execution of a judgment rendered against plaintiff and affirmed by this Court in a certain suit entitled J. & C. Chaffe vs. Ludeling, reported page 962 of 34th Annual Reports.   J. & C. Chaffe were recorded judgment creditors of Mrs. E. C. Warfield, and the suit just referred to was a hypothecary action brought against Ludeling as third possessor of certain property claimed to be subject to their judicial mortgage, and judgment was asked recognizing their mortgage on the said property and decreeing it to be sold in satisfaction thereof.   Defendant interposed a plea of discussion and other defenses, which were overruled for reasons given in the opinion, and judgment was rendered recognizing the mortgage and condemning Ludeling " either to pay the judgment with the costs thereof or to give up the land to be sold therefor."

This judgment was affirmed by this Court.

It is too obvious to admit of serious discussion that this judgment absolutely and finally settled, as between the Chaffes and Ludeling, the right of the former to require Ludeling to pay off their mortgage debt or to sell the land for the satisfaction thereof.   Ludeling has had his day in court on this issue and was bound to urge all his defenses, and his mouth is closed as to all matters antecedent to the judgment which he urged or might have urged against its rendition.

In his present petition for injunction he sets up a multitude of matters which were either pleaded or might have been pleaded as grounds for denying or qualifying the above absolute judgment, as to all of

which the judge *a quo* sustained the plea of *res judicata;* and we consider his ruling to be clearly correct.

The plaintiff, however, assigns other grounds for his injunction, arising subsequently to the judgment, which require consideration.

### I.

He pleads that the judgment of the Chaffes against Warfield, the record of which is the basis of their mortgage on his property, is perempted and prescribed.

Unless it is prescribed there is no foundation for the plea of peremption, the reinscription having been seasonably made.

The question of prescription depends upon the validity and effect of the proceedings taken by the Chaffes to revive their judgment against Warfield. These proceedings were taken in proper season before the lapse of ten years from the rendition of the judgment.

Article 3547 C. C. provides: "All judgments for money shall be prescribed by the lapse of ten years from the rendition of such judgments. Provided, however that any party interested in any judgment may have same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless defendant or his representative show good cause why the judgment should not be revived, and if such defendant be absent and not represented, the court may appoint a curator *ad hoc* to represent him in the proceedings, upon which curator *ad hoc* the citation shall be served. Any judgment revived as above provided shall continue in full force from the date of the order of court reviving the same, etc."

The defendant, Mrs. Warfield, had removed from the State and died, and had no heirs resident in the State or property situated therein. Prior to her death she had made a surrender in bankruptcy, and her assignee in bankruptcy was still in office, having never been discharged.

In their petition for revival the Chaffes represented the death and bankruptcy of Mrs. Warfield and the non-residence of her heirs; alleged that W. T. Atkins had qualified as assignee of her estate and has never been discharged; set forth the non-residence of her heirs and prayed that "if they were in any sense her representatives" a curator *ad hoc* should be appointed to represent them; asked that the assignee and the curator should be cited, and for judgment reviving the judgment. A curator was accordingly appointed. Atkins, the assignee, was duly cited and appeared and filed answer. The curator accepted service of the petition and waived citation, but appeared and filed

answer. On issue thus joined the court regularly tried the case and rendered a judgment of revival, which is now final.

The plaintiff in injunction has never brought suit to annul this judgment. Even in his present action he has offered no prayer to have the judgment annulled, nor has he brought in any of the parties thereto except the present defendants. He simply treats it as an absolute nullity for want of citation.

It is undoubtedly true that a judgment rendered without citation is a nullity so absolute that it may be invoked in any proceeding and by any one interested.

But here, so far as the assignee is concerned, there was a perfect citation followed by appearance and answer. The petition advised the Court of the grounds on which it was claimed that such assignee was the proper representative of the judgment debtor, contradictorily with whom the proceedings in revival should be carried on. It may be assumed that the Court, in rendering its judgment, considered and determined that he was the proper representative of the judgment debtor.

The question as to his capacity to represent the bankrupt debtor in such proceedings is, under the jurisprudence of this Court, to say the least, a doubtful one.

In the case of Alter vs. Nelson, 27 Ann. 342, which was a suit to revive a judgment against a bankrupt, it was held that citation of the latter was unavailing and certainly suggested, as the only alternative, that the assignee was the proper party.

In Wheless vs. Fisk, 28 Ann. 731, where bankruptcy occurred pending a suspensive appeal, it was held that plaintiff had a right to proceed in order to preserve his right against the surety on the appeal bond, and the Court, of its own motion, ordered the assignee to be made a party, and rendered judgment contradictorily with him.

Serra vs. Hoffman, 29 Ann. 17, was precisely similar to the last, and it was held that the assignee could not be made a party.

Chapman vs. Nelson, 31 Ann. 341, certainly says that the assignee is not a necessary or proper party in a proceeding to revive a judgment against a bankrupt, but the *dicta* on that point were *obiter* because the case went off on the question of jurisdiction of the Court.

In the case of Grayson's Executor vs. Morton, *later* than the foregoing, the proceeding was to revive a judgment against a bankrupt by citation of the assignee alone. It was first held that it could not be done, but, on rehearing, on the ground of *stare decisis*, it was held that the proceeding was proper and valid. Manning's Unr. Cases, p. 187.

In the case of Grayson's Executors vs. Morton, 33 Ann. 1018, we quoted at length from the last mentioned decision and indicated our approval of it where the assignee was still in office, but held it could not apply when the assignee had been discharged.

Finally, in a very recent case, which was also an action to revive, we said on the foregoing authorities: "We think the assignee was properly made a party to the action and the only one that could represent the bankrupt debtor or his estate."

Stackhouse vs. Zuntz, 36 Ann. 529. If there be error in these decisions, it is one which originated long ago and which has been perpetuated on the ground of *stare decisis*, to protect parties who have acted upon this jurisprudence as a means of saving their judgments from destruction by prescription. The question involves nothing but a method of proceeding in order to interrupt prescription, which is subject to the arbitrary control of the Legislature, and no class of cases invokes so strongly the application of *stare decisis*.

In a proper case we might review them and might consider the distinction between bankrupts who have secured their discharge and those who have not; though the bankrupt who does not plead his discharge is just as amenable to suit as if undischarged, and in several of the cases the bankrupt had not been cited at all.

At all events, and without finally committing ourselves on all these questions, it is obvious that the judgment of revival here invoked is not infected with any nullity so absolute as to authorize it to be questioned by a third person in this collateral way; but that its validity depends on a grave question of proceeding, the propriety of which seems to be sanctioned by the judgment itself. This obviates the necessity of considering the validity of the proceeding as against the curator under his waiver of citation.

The defense of prescription was, therefore, properly overruled.

## II.

The objections as to the form of the execution and the failure of the sheriff to advertise the sale in the paper suggested by the defendant in execution, have been elaborately considered by the judge *a quo* and we consider his reasons for disregarding them sufficient. The defendants in this case are not responsible for the sheriff's default in the matter of the advertisement, and it may be corrected in the future proceeding which will be necessary. Had it been the sole ground of the injunction it would doubtless have been corrected as soon as suggested.

### III.

Plaintiff claims credit for the enhanced value of the property arising from the improvements made, not only by himself, but by his immediate vendor, the succession of Dinkgrave, his warrantor. He has already recovered judgment against his warrantor for the full price paid by him, which naturally includes the value of the improvements made at the date of the sale. He certainly cannot claim the value of Dinkgrave's improvements out of the sale and, at the same time, hold a personal judgment against his succession for the same value. He may subject this value to his uncollected judgment against Dinkgrave, but he cannot directly claim it.

The whole of this claim should have been asserted against the proceeds of the sale, and had no place in this injunction suit; but the judge *a quo* recognized plaintiff's claim to the value of his own improvements and, as no amendment is asked in that respect, it must stand.

Defendants' prayer for an amendment allowing them a judgment for rents and revenues has no foundation in the pleadings and cannot be allowed in this proceeding. Nor do we think it proper to amend the judgment as to damages.

Judgment affirmed.