No. 10,786.

C. W. G. RARESHIDE VS. ENTERPRISE GINNING AND MANUFACTURING COMPANY.

In a judgment regulating a seizure, the plaintiff and third opponent must assert all their pretensions.    The judgment regulating the seizure having become final, it can not be disturbed by parties to it, for matters which should have been urged in the first instance.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

Omer Villeré for Plaintiff and Appellee.

W. S. Benedict and H. S. Cage for Third Opponent, Appellant.

The opinion of the court was delivered by

McENERY, J.    In the case of D. T. Weil against the present defendant, the plaintiff David T. Weil, who was interposed for the real plaintiff, Charles Hernandez, sued out executory process against the property of the defendant company, claiming a vendor's privilege and special mortgage on the same.

The plaintiff in this case, C. W. Rareshide, filed an intervention and third opposition as the holder of a mortgage note executed by the defendant company.

He averred in his opposition that the notes held by Hernandez

were paid at maturity, or some time thereafter, and extinguished, and that, therefore, the plaintiff, Hernandez, had no vendor's privilege and special mortgage on the property seized; and that there being no other mortgage priming his, he should be paid in preference.

To this opposition Hernandez answered, and averred "that the two promissory notes upon which executory process has issued herein have not been paid at maturity or thereafter, as alleged by intervenor, but have been transferred in due course of business, with knowledge and consent of defendant and of the drawer, Anatole J. Forstall, through whom the plaintiff became the holder thereof: That said transfer carried with it all the privileges and mortgages securing the payment thereof, and was made prior to the execution of the note and mortgage now set up by intervenor in bar of plaintiff's action."

On the issues thus made up, on appeal to this court, there was judgment decreeing the extinction of the mortgage of Hernandez, upon which executory process had issued, and recognizing the rights of the third opponent to proceed in the enforcement of his mortgage.

On application for rehearing, which was refused, Hernandez urged the same grounds upon which he now relies for the recognition of his mortgage as the ranking one of the property. 42 An. 492.

Under the decree in his favor Rareshide proceeded to enforce his mortgage.

Hernandez filed a third opposition, claiming priority for his mortgage, alleging as grounds therefor that he was a creditor for the defendant company, and as such paid the notes, upon which he had issued executory process in the case of Weil vs. Enterprise Ginning and Manufacturing Company, and that by operation of law he was subrogated to all of the mortgage rights, hypothecations and privileges of the former holder of said notes.

Had this position been assumed by Hernandez, and the facts now alleged shown to have existed in the first suit, a different decree might have been the result.

This is stated in the reasons assigned for the refusal to grant a rehearing.

And it is further said in the opinion, "How can Hernandez, after thus peremptorily repudiating the theory of no subrogation opposed to him and proclaiming that his rights flowed from a purchase made

with the debtor's consent, now claim that he was a creditor, and because such creditor was subrogated?"

This reasoning is applicable to the present case. If Hernandez, by his pleadings in the suit, had precluded himself from urging this matter on the application for a rehearing, the reasons for the estoppel apply with equal force, in another suit, to accomplish the same purpose.

Hernandez, in the suit to foreclose his mortgage, and in the contention between him and third opponent, Rareshide, was bound to assert all his pretensions growing out of the seizure.

The judgment regulating the seizure was final, and Hernandez can not now by urging matters which were within his knowledge, and which occurred before the seizure, disturb the seizure which was regulated by the judgment to which he was a party. Bowman vs. McElroy, 15 An. 663. .

Judgment affirmed.