(116 So. 180)

No. 28819.

## Succession of WHITNER.

Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Descent and distribution** ⬡69—**Succession; property sold by testatrix to universal legatee did not return to testatrix by judgment annulling sale after testatrix' death, but went to heirs.**

Where a testatrix sold property to an universal legatee, and judgment annulling the sale was rendered after the testatrix's death, the property did not return into possession of the testatrix in consequence of the judgment annulling the sale, but went to her heirs by virtue of the judgment.

2. **Judgment** ⬡713(2)—**Final judgment ends every plea which either party made or might successfully have made.**

A final judgment of a court having jurisdiction over the parties and the subject-matter puts an end to every plea or defense made, and to every plea or defense which either of the parties might successfully have made.

3. **Judgment** ⬡720—**Judgment annulling sale by testatrix to universal legatee failing to produce will held res judicata in legatee's petition to probate will as regards title as universal legatee, but did not otherwise prevent probate.**

Where an eviction suit by one claiming the property under purchase from a testatrix, was defended on the ground that the sale was void, and that defendants were the heirs entitled to possession, and plaintiff failed to produce the will in her possession, which named her as universal legatee of the property, a judgment for defendants, annulling the sale and declaring the defendants to be entitled to an interest in the property as heirs, was res judicata in a subsequent suit by plaintiff to probate the will, as far as it denied plaintiff's right to claim title as universal legatee, but did not prevent plaintiff from having the will probated subject to the right of her coheirs to demand collation or a reduction of the legacy.

4. **Judgment** ⬡735—**Defendants in eviction suit, not demanding production of will, held not estopped from pleading judgment against plaintiff ended right to claim under will.**

Where the defendants in a suit for eviction from land knew that a will was left by the com-

165 LA.—25

mon ancestor in possession of the plaintiff, their failure to demand production and probate of the will did not estop defendants to plead that the judgment in the eviction suit against plaintiff ended plaintiff's right to claim title under the will, where defendants were entitled to nothing and had no interest in demanding probate of the will.

5. **Judgment** ⬡713(2)—**Plaintiff, failing to produce will in eviction suit, held estopped from claiming title under will in probate proceeding.**

Where a suit for eviction was defended on the ground that a sale by the testatrix to plaintiff was void, and that defendants claimed the property as heirs, plaintiff was under the duty to probate the will, if she intended to rely on it as a muniment of title, and, on failure to produce the will in the eviction suit, plaintiff was estopped to claim the property as universal legatee in a subsequent petition to probate the will.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Petition by Josephine Whitner Giles to probate the will of Margaret Whitner, deceased, opposed by Nelson Whitner and others. From a judgment rejecting petitioner's demand to have the will probated, petitioner appeals. Amended and affirmed.

Sanders & Gottlieb, and J. Oliver Bouanchaud, all of Baton Rouge, for appellant.

Taylor, Porter, Loret & Brooks and Benton & Benton, all of Baton Rouge, for appellees.

O'NIELL, C. J. On the 12th of July, 1921, Margaret Whitner declared in a notarial act that she owed her daughter, Josephine Whitner Giles, $2,000, and gave her a promissory note for the amount, secured by mortgage on certain real estate in Baton Rouge, and, on the 8th of August, 1922, Margaret Whitner made a sale of the property to her daughter, Josephine; the consideration stated in the deed being $920 cash and the cancellation of the mortgage note for $2,000. In January, 1925, Josephine Giles sued to evict her brother, Richard Kelly, from a house on the premises, averring that she had allowed him to occupy

it rent free. On the 3d of February, 1925, before Richard Kelly had answered the suit, Margaret Whitner died, leaving in Josephine Giles' possession a will, dated the 1st of December, 1919, in which the testatrix bequeathed all of her property to Josephine Giles, as universal legatee, and appointed her executrix, without bond, and with seizin of the estate. The heirs of Margaret Whitner, besides Josephine Giles and Richard Kelly, were two sons, namely, Nelson and Joseph Whitner, and a grandson, George Young, the only child of Janie Whitner Young, deceased daughter of Margaret Whitner. After the death of Margaret Whitner, Richard Kelly answered the eviction suit, and set up a reconventional demand to annul the mortgage and sale to Josephine Giles, on the ground that no consideration, or at least an inadequate consideration, was given, and that the pretended sale was a donation in disguise, and he prayed that the deed should be declared null, and that he and the coheirs, whom we have named, should each be declared the owner of one-fifth of the property, and be sent into possession of it unconditionally and without the benefit of inventory. Kelly's two brothers and the nephew intervened in the suit and made the same demand which he had made.

Josephine Giles did not then produce the will of her mother, or offer it for probate, or amend her pleadings in the pending suit, so as to claim title under the will, in the event of her failing to maintain her title by deed.

The suit of Josephine Giles against Richard Kelly was tried on the issue tendered by his reconventional demand and the demands of the interveners, and resulted in a judgment in favor of Kelly and the interveners, annulling the act of mortgage and the sale made by Margaret Whitner to Josephine Giles, declaring each of the five parties to the suit to be the owner of a fifth interest in the property, ordering an inventory made for the purpose of effecting a partition, and reserving the right of Josephine Giles to sue for whatever claim she might have for the improvements made upon the property. She appealed to this court, and the judgment against her was affirmed by a decree rendered on the 29th of November, 1926. See Giles v. Kelly, 162 La. 512, 110 So. 738.

On the 4th of February, 1927, Josephine Giles produced the will of Margaret Whitner and filed it with her petition to have it probated. She prayed to have her brothers, Richard Kelly and Nelson and Joseph Whitner, and the nephew, George Young, notified of the time fixed for the probate of the will: and it was so ordered.

Richard Kelly and Nelson and Joseph Whitner and George Young opposed the probate of the will on the following grounds, viz.:

(1) That by Josephine Giles' failure to produce the will and have it probated, and to assert title under it as an alternative defense to the reconventional demand of the defendant, Richard Kelly, and to the demands of the interveners in the previous suit, she was forever estopped and forbidden to claim title under the will; and that the judgment rendered by the district court and affirmed by the Supreme Court in the previous suit, declaring each of the five heirs of the deceased Margaret Whitner to be the owner of a fifth interest in the property in contest in that suit, and sending the five heirs into possession of the property unconditionally, was res judicata.

(2) That, according to article 1695 of the Civil Code, the sale made by Margaret Whitner to Josephine Giles on the 8th of August, 1922, was a revocation of the will of Margaret Whitner, as far as the property sold was concerned, even though the sale was afterwards annulled and the property returned to the succession of Margaret Whitner.

(3) That, if the will should be admitted to probate, and be held not revoked to the extent

of the property referred to, the legacy to Josephine Giles was not given in addition to or in excess of her fifth interest as an heir, and was therefore subject to collation.

The district judge sustained the opponents' plea of estoppel and res judicata, and rejected the demand of Josephine Giles to have the will probated. She has appealed from the decision.

It is conceded by her counsel that, if the will should be admitted to probate, the legacy to her of the entire estate would have to be reduced to the disposable portion, which, inasmuch as there are more than two forced heirs, is a third of the estate. Rev. Civ. Code, art. 1493. Counsel for appellant contend, however, that by giving the whole of the estate the testatrix expressed the intention to give the disposable portion over and above the fifth interest which the legatee was entitled to receive by inheritance, and that, according to article 1501 of the Civil Code, the legacy should be reduced, not to the disposable portion, one-third, but to one-third plus one-fifth, or eight-fifteenths, of the estate. Counsel for the appellees contend that, according to articles 1230 and 1231 of the Civil Code, inasmuch as the testatrix did not declare that the legacy to Josephine Giles was intended as an extra portion and as an advantage over the other forced heirs, the whole legacy is subject to collation and must be returned to the succession of the testatrix.

Having come to the conclusion that the judgment sustaining the plea of estoppel and res judicata is correct, we find it unnecessary to pass upon either the second or third plea urged by the appellees.

It is conceded that the property which was in contest in Giles v. Kelly is the only property Margaret Whitner owned, within the knowledge of any of the parties to this suit. It was perhaps for that reason, and because of the provisions of article 1695 of the Civil Code, that the attorneys for Josephine Giles did not deem it advisable to produce the will, or to rely upon it, during the pendency of the former suit between her and the coheirs. The article provides:

"A donation inter vivos, or a sale made by the testator of the whole or a part of the thing bequeathed as a legacy, amounts to a revocation of the testamentary disposition, for all that has been sold or given, even though the sale or donation be null, and the thing have returned into the possession of the testator, whether by the effect of that nullity, or by any other means."

[1] In this instance, the property that was sold by the testatrix to the universal legatee on the 8th of August, 1922, did not return into the possession of the testatrix in consequence of the judgment annulling the sale, because the testatrix was dead when the judgment was rendered; but the property went to her succession, or rather to her heirs, by virtue of the judgment.

[2, 3] A final judgment of a court having jurisdiction over the parties and the subject-matter puts an end, not only to every plea or defense made, but to every plea or defense which either of the parties might successfully have made. Shaffer v. Scuddy, 14 La. Ann. 575; State v. Clinton & Port Hudson Railroad Co., 21 La. Ann. 156; Succession of Harl, 25 La. Ann. 583, 584; Ludeling v. Chaffe, 40 La. Ann. 645, 4 So. 586; Rareshide v. Enterprise Ginning & Manufacturing Co., 43 La. Ann. 820, 9 So. 642; Choppin v. Union National Bank, 47 La. Ann. 660, 17 So. 201; Heirs of Brigot v. Brigot, Widow, 49 La. Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La. 530, 31 So. 61; Harvin v. Blackman, 121 La 431, 46 So. 525; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Kranz, 162 La. 546, 110 So. 750; 34 C. J. p. 909, § 1322, and page 956, § 1267; 15 R. C. L. 969, 970, §§ 446, 447.

"In a petitory action, the defendant is bound to plead all the titles under which he claims to be owner, and a final judgment rendered in favor of the plaintiff may be pleaded as res judicata against any title which the defendant was

possessed of at the time, but omitted to plead." Shaffer v. Scuddy, 14 La. Ann. 575.

"Defendant [in a petitory action] is at liberty to abstain from making a special attack upon plaintiff's title and from setting up ownership in himself, but if he does so it is at his peril, as a judgment under such pleadings, if favorable to the plaintiff, would close the door to his subsequently setting up any title which he then had." Heirs of Brigot v. Brigot, 49 La. Ann. 1428, 22 So. 641.

"In a petitory action the defendant is bound to plead all the titles under which he claims, and cannot evade the judgment rendered in such action by setting up a title which he might have urged by way of defense thereto. The case is the same where, the defendant being the real party in interest, the title subsequently relied on stands in the name of another person, who holds as his representative, and for his accommodation and account." Howcott v. Pettit, 106 La. 531, 31 So. 61.

"A litigation is not conclusive as against those who are not parties to it, or as to rights not possessed by the litigants, at the time, save in the cases of parties who are the privies of each other. But a party litigant, whether plaintiff or defendant, is bound to set up whatever title or defense may be at his command, or within his knowledge, and is not at liberty to reserve what he pleases and make it the basis of a new litigation." Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17.

"Where a person, being universal legatee of holographic will, joined with her brother in petitioning for distribution of estate claiming deceased's intestacy, she was estopped to have the judgment of distribution set aside and entire property vested in her, such estoppel plea being sustained by Civ. Code, art. 2291, defining judicial confession." Succession of Kranz, 162 La. 546, 110 So. 750.

[4, 5] During the trial of the case of Giles v. Kelly, it was made known to Richard Kelly and the interveners in the suit, and to their attorneys, that Margaret Whitner had left a will in the possession of Josephine Giles. Hence it is argued by counsel for the appellant in this case that, inasmuch as Richard Kelly and the interveners in the former suit did not demand the production and probate of the will, they are estopped to plead that the judgment rendered in that suit put an end to

the right of the appellant, against whom the judgment was rendered, to claim title under the will. A sufficient answer to the argument is that Richard Kelly and the interveners in the former suit were entitled to nothing and claimed nothing under the will, and had no interest in demanding that it be produced and admitted to probate. The responsibility was on the plaintiff in that case—made defendant in the reconventional demand and in the petitions of intervention—to produce the will and have it probated, if she intended to rely upon it as a muniment of title.

It is virtually conceded by the appellees that the judgment rendered in this case went too far in rejecting the demand of Josephine Giles to have the will probated, and that the judgment should merely have decreed that she could not claim title, as universal legatee under the will, to the property which was in contest in the suit of Giles v. Kelly. That is the only matter that was in contest in this case; and, as it is possible that the deceased Margaret Whitner owned other property, there is no reason why the universal legatee should not be allowed to have the will probated, subject to the right of the coheirs to demand collation or reduction of the legacy.

The judgment appealed from is amended by allowing Josephine Giles, as universal legatee and executrix named in her mother's will, to have the will probated, subject to the right of the coheirs to demand a collation or reduction of the legacy, and, in so far as the judgment appealed from decrees that Josephine Giles cannot claim title, as universal legatee under the will, to the property the title to which was finally adjudged in the case entitled Josephine Giles v. Richard Kelly, No. 27940, reported in 162 La. 512, 110 So. 738, the judgment is affirmed. The appellant is to pay the costs of this appeal.

OVERTON, J., recused.