No. 793

**First Circuit**

---

**THORNTON v. BEESON**

---

(June 16, 1931. Opinion and Decree.)

---

S. I. Foster, of Leesville, attorney for plaintiff, appellant.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellee.

ELLIOTT, J. William A. Thornton claims of John J. Beeson the sum of $1,-350, with interest and attorney's fees thereon, as the balance due on the purchase price of the S. E. ¼ of S. E. ¼ of section 25, T. 1 S., R. 6 E., containing 40 acres of land situated in the parish of Vernon, sold by Thornton to Beeson.

He alleges that said sale was for the price of $1,600, of which $200 was paid in cash at the time, $50 at a subsequent time; the balance, to-wit, $1,350, was paid in notes, as to which there has been a failure of consideration.

That the statement in the act of sale, that the $1,600 was paid in cash, is erroneous and incorrect.

He avers that $1,400 of the purchase price was paid with 28 notes signed by Amy Hoglan and C. F. Hoglan, her husband, for $50 each, drawn payable to J. J. Beeson and purporting to be secured by the first mortgage on lot 9, block 4, of the town of Pitkin, La. That one of the notes was paid, leaving $1,350 of the price unpaid.

That said notes in the First State Bank & Trust Co. of Pitkin, at the time of the sale were produced by Beeson, placed in an envelope, without indorsement, petitioner's name written on the envelope; the officer of the bank told that they belonged to plaintiff and to credit the payment of same to him; that he accepted the notes believing them to be good bona fide mortgage notes; that said notes, not being paid, said Beeson, proposing to force the collection for the account of petitioner, took them from the bank, and, posing as the owner, foreclosed the mortgage securing same, bought in the property in his own name

for $200, but refuses to pay petitioner the balance due on account of said land.

He alleges that the notes were worthless. That the property securing same was at the time of the sale and is, at the present time, covered by mortgages, priming the mortgage which secured the notes in question.

That the makers of the notes were insolvent at the time of the sale and are so at the present time.

Alleging the existence in his favor of a vendor's privilege on the land, and that defendant would sell or mortgage same pending the trial, he caused a writ of sequestration to issue, under which the 40 acres of land was seized and taken into custody by the sheriff.

His prayer is for judgment against Beeson for $1,350, with interest and attorney's fees thereon. That a vendor's privilege be recognized as existing in his favor on said land, that his seizure be maintained, and the property ordered sold and the proceeds applied to the payment of the amount due him, with the preference due to his privilege; and for general relief in the premises.

The defendant Beeson, after bonding the property, set forth as an exception of no cause or right of action, that no parol evidence was admissible to show any other consideration than as stated in the deed; that the petition does not allege that the notes given as a consideration of the sale, and not indorsed by defendant, had been guaranteed by the plaintiff; that it does not appear from the petition that plaintiff made effort to collect the notes, and it is not alleged that they cannot be collected; that recorded mortgage must be supposed to have been known to plaintiff at the time, etc.

The exception was overruled, and defendant then answered at length.

A number of plaintiff's averments are admitted, others partly admitted. The answer sets out that the act whereby the 40 acres of land was sold to defendant, in stating that the price was $1,600 cash, is the language and statement which they purposely and understandingly wrote into the act; that no error exists; that the statement expresses their agreement on the subject correctly; that pursuant to their agreement he paid $1,400 of the price by transferring and delivering to the plaintiff 28 notes, each for $50, payable to the order of John J. Beeson, executed and signed by Mrs. Amy Hogland, who was plaintiff's daughter, and C. F. Hogland, her husband; that pursuant to their agreement the notes were not indorsed by him; that they were good and valid; that the mortgage granted on the property in the town of Pitkin for the purpose of securing them was the first mortgage on said property; that said notes, not being paid and as he himself held at the time 13 of the same series of notes of the same date, each for an amount same as the plaintiff's, all executed at the same time by Mrs. Hogland and her husband, and secured by the same mortgage, acting and proceeding at the request of the plaintiff, he foreclosed on all the notes in his own name in the same suit, and bought in the property for $200, incurring expenses amounting to $204.90.

His answer contains further statements and explanations not necessary to mention in the present case, but according to which he does not owe the plaintiff the sum claimed.

He denies owing the plaintiff anything, prays that his demand be rejected, and for general relief in the premises.

There was judgment in favor of the

plaintiff and against the defendant for $150, with interest, subject to a credit of $204.90, reserving to plaintiff the right to thereafter sue Mrs. Amy Hogland and J. J. Beeson, defendant, on the 27 notes given him in part payment of the 40 acres of land, and to claim vendor's privilege thereon, if any exists in his favor under the law. The sequestration was dissolved and defendant condemned to pay the cost. The plaintiff has appealed.

The defendant urges that his exception of no right or cause of action should have been sustained.

Taking the petition of the plaintiff to be true, the gravamen of his complaint is that the notes transferred to him were worthless, which, if true, rendered the sale without consideration to the extent that the notes constituted the price. Such a fact, if true, was susceptible of proof by parol evidence.

The exception was properly overruled; but the evidence received on the trial does not satisfactorily establish that the notes were worthless, nor that Mrs. Amy Hogland and C. F. Hogland are insolvent. It may be true, but the evidence leaves the matter in doubt.

The evidence shows that there were originally 40 of these notes, but about 4 of them have been paid. They formed the price of the 40 acres of land, to the extent of $1,400. They were transferred and delivered to plaintiff pursuant to the agreement of the parties, without being indorsed by Beeson. It is further satisfactorily established that Beeson took them out of the bank under agreement with the plaintiff and foreclosed on them, together with those held by himself, as though he was the owner of all the notes, and, no one else bidding, he bid in the property for $200.

As for plaintiff's averment that lot 9 in block 4 of the town of Pitkin was covered by mortgages against Mrs. Amy Hogland at the time of the sale, priming the mortgage which was granted to secure the notes in question, he is mistaken. The mortgage certificate, under which the sale was made, shows that the mortgage which secured the notes was the first mortgage on the property.

As for the value of the mortgaged property, the evidence shows that the notes were executed by Mrs. Hogland and her husband for the purpose of paying for a building erected on the lot, which cost $2,000. Notes, in number 36, and in amount $1,800, were unpaid at the time of the foreclosure. The notes in question would no doubt have been paid, but subsequent mortgages would then have come in for payment and the property would have been taken to pay subsequent mortgages.

When the trial commenced the defendant tendered to the plaintiff in open court as alternative propositions 27/40 of the $200 paid at the sheriff's sale, or 27/40 interest in the lot 9 of block 4 in the town of Pitkin, La., purchased at the sheriff's sale. Plaintiff refused the tender, giving, as reason, that the consideration passing from Beeson for the payment of the land had failed without any contract, act, estoppel, or agreement releasing Beeson from the price of the land sold him.

The plaintiff and defendant, in their respective briefs, entered into a discussion of the law on the subject of notes and as to the rights of parties when notes payable to order have been transferred without indorsement. The situation resulting from the pleadings and the evidence does not call for determination of questions of that kind. We are satisfied that plaintiff is the owner and the holder of the 28 notes;

his right and title thereto is not questioned.

Under the pleadings and showing made, the dissolution of the sale of the 40 acres of land, based on the grounds provided by the Civil Code, arts. 2561 and 2562, cannot be considered in this suit.

As for the tender which the defendant made to the plaintiff, the interest in lot 9 of block 4 of the town of Pitkin tendered, was not said to be free of liens, privileges, and mortgages which might incumber the property since defendant's purchase.

Then again, the 28 notes transferred and delivered were delivered and received as worth the amounts called for on their face, but, under the tender made, the notes held by defendant would have competed with those held by the plaintiff in such a way, that if the property was not in fact worth an amount equal to all the notes held by plaintiff and defendant, with cost and expenses in addition, then plaintiff's notes would not receive the value called for on their face, but would be depreciated to the advantage and benefit of the defendant.

The judgment appealed from in favor of the plaintiff and against the defendant for $150, and in favor of the defendant and against the plaintiff for $204.90, does not appear to accomplish justice.

The plaintiff did not acquire any interest in the property sold by the sheriff and purchased by the defendant. Such being the situation, no reason appears to support this part of the judgment. But we agree with the lower court that the plaintiff Thornton should be reserved the right, without prejudice, to proceed by suit against Mrs. Amy Hogland and C. F. Hogland to compel them to pay the unpaid notes he holds, and in case the full amount due plaintiff cannot for any reason be recovered by suit and execution against them or either of them, that he then have the right to proceed against J. J. Beeson to compel him to make them good to the amount for which they were received in payment for said 40 acres of land, and he should have the further and additional right, in the event stated to proceed against John J. Beeson for the dissolution of the sale of the 40 acres of land in question under the law Civil Code, arts. 2561 and 2562, and to exercise all of the conservatory rights to which as such he may be entitled under the law.

Finding that the judgment appealed from should be in part reversed, in part amended, and in some respect affirmed, we will annul the judgment and write one in the way we have concluded it should be rendered in the present situation.

For these reasons, that judgment appealed from is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the demand of William A. Thornton against John J. Beeson, in the present case, be refused as in case of non-suit and without prejudice to the right of the plaintiff Thornton to proceed by suit against Mrs. Amy Hogland and C. F. Hogland, her husband, to compel them or either of them to pay the notes which they executed on June 14, 1928, payable to the order of J. J. Beeson, and which the said Thornton received from said Beeson, without being indorsed by him. And if for any reason payment cannot be compelled in full from them or either of them, that said Thornton have the right to proceed by suit against said Beeson to compel him to make good the amount for which said notes were received in payment for said 40 acres of land described in the petition, and also the additional and further right to proceed against said Beeson

under the law Civil Code, arts. 2561 and 2562 for the dissolution of the sale of said 40 acres of land, and to claim and to exercise all of the conservatory rights to which he may be entitled under the law for the protection of the sum due him on said account.

It is further ordered that the plaintiff in this suit pay one-half of the cost of the lower court and half the cost of appeal, and that the other half in both courts be paid by the defendant.