## THORNTON v. BEESON.
### No. 1171.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

Thompson & Ferguson, of Leesville, for appellant.

S. I. Foster, of Leesville, for appellee.

MOUTON, Judge.

A judgment was rendered in this case between the same parties reported in 17 La. App. 37, 135 So. 283.

In that decision, we held that plaintiff would have the right to proceed against Mrs. Amy Hogland and her husband, C. F. Hogland, to compel either of them or both to pay the notes they had executed to the order of Beeson and by him given to Thornton, plaintiff herein, as part of the purchase price of a tract of land; and, if plaintiff could not compel Mrs. Hogland or her husband to pay the notes, that Thornton would have the right to proceed against Beeson, defendant herein, to enforce the payment of the notes he had received from Beeson as part of the purchase price of the land plaintiff had sold to Beeson.

Plaintiff, proceeding in accordance with the judgment of this court rendered in 1931, obtained a judgment on the notes against Hogland and his wife, issued a fieri facias, and upon a return by the sheriff of no property found, instituted this suit against Beeson to obtain the payment of the notes.

In passing over the issues presented on the original trial of this case, in which practically the same contentions were urged as are herein set out on this second trial, we held that Thornton, plaintiff, had a cause of action on these notes against Beeson, defendant, and the exception of no cause of action filed by defendant herein was therefore properly overruled by the district judge.

### Merits.

In our former opinion, it was held that the notes given as a portion of the purchase price of the land sold by Thornton to Beeson, if not worthless, had little value, otherwise the sale would have been held valid and no right of action would have been reserved in favor of Thornton to proceed on the notes against Beeson, in the event they would not be realized upon by Thornton against Mr. and Mrs. Hogland, makers of the notes.

It was also held that parol proof was admissible to show that the true consideration for the sale from plaintiff to Beeson was not cash, as therein stated, but that most all of the price was represented by these notes; and that the tender which Beeson said he had made was not binding on plaintiff, who was in his legal rights when he refused to accept it.

The defendant on the second trial urged the same contentions on the issues above referred to and on which this court has heretofore ruled adversely to his defenses. As we had jurisdiction over the subject-matter, our ruling puts an end to all such pleas or defenses. Succession of Whitner, 165 La. 769, 116 So. 180.

In plaintiff's original petition it was alleged that Mr. and Mrs. Hogland, makers of the twenty-eight notes which were given by Beeson, defendant, to plaintiff for the land he bought from the latter, as a part of the purchase price, were insolvent at the time of the sale in question.

In his answer defendant joined issue with plaintiff on that averment of insolvency of the Hoglands at the time of the execution of that deed.

In the judgment heretofore rendered by this court there is no ruling on that issue, and counsel for defendant strenuously renews it for consideration in his contention that plaintiff is not entitled to recover.

In the case of Edenborn et al. v. Blacksher, 148 La. 296, 86 So. 817, the court held that the legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such a part of the demand which has the effect of res judicata, etc.

Here, the averment of insolvency of the makers of these notes at the time of the execution of the sale was made a distinct issue under the pleadings, and evidence was introduced on the question of insolvency. Such being the situation though the judgment of this court was silent on this subject brought again to our attention, that issue must be considered as having been settled by that judgment, and cannot be reopened for consideration in the present controversy.

After plaintiff obtained judgment on these

notes against their makers, Mr. and Mrs. Hogland, a writ of fieri facias was issued in execution of that judgment, as was directed by this court, upon which the sheriff made his return of nulla bona to the clerk of court, as hereinabove stated. Thereupon, as was also directed by the judgment of this court, plaintiff sued defendant, Beeson, for the amount for which these notes had been given plaintiff as part of the purchase price for the land sold by plaintiff to Beeson. Judgment was rendered in favor of plaintiff for the amount claimed, in which we find no error.

Judgment affirmed.