*ROSS vs. PARGOUD.*

**APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.**

Interest given by a judgment forms a part of it, and must be calculated in, and secured in the appeal bond, which together forms the judgment of the Court appealed from.

There is a clerical mistake, or typographical error in that part of the English text of article 575 of the Code of Practice, which says the appeal must be taken for "one half the amount of the judgment," &c. It should read *"exceeding by one half* the amount, &c."

The appeal bond must *exceed by one half* the amount of the whole judgment appealed from, to entitle the appellant to a suspensive appeal.

And by the article 574 of the Code of Practice, the judge must in all cases, whether it be a suspensive appeal, or merely a *devolutive* appeal, fix the amount of the appeal bond, which is the legal sum.

*Winn* of Counsel for the plaintiff and appellee, moved to dismiss the appeal in this case—1. Because the appeal bond

2L 85
51 1058

Ross
*vs.*
PARGOUD.

not having been given for the amount ordered by the judge *aquo.*

There being no statement of facts made out according to law.

The order of the judge required the appeal bond to be executed in a sum *exceeding by one half, the amount* of the judgment above rendered, returnable, &c." The judgment was for $1075 together with *judicial interest* from the 2d of October, 1828, and costs." The appeal bond *taken,*was for $1700 only, being $40 less than the principal sum, and *interest* and costs and *one half over* of the judgment.

*Flint* for the appellant, urged that the appeal bond was given for the sum required by law, and if the judge required a larger sum, than was warranted by the Code of Practice, the party was not bound to give it.

2. The Code of Practice, article 575 provides that the appellant shall give security "for a sum exceeding *one half the amount of the judgment,* &c." In the present case, the appeal bond is even for more than one half over the amount of the judgment.

*Martin* J. delivered the opinion of the Court.

The dismissal of the appeal is prayed for, on account of the insufficiency of the bond. The Judge required it for a sum exceeding by *one half* the amount of the judgment. In making his calculation the appellant does not appear to have noticed that the judgment was for a principal sum *and interest.* The bond exceeds by one half the principal sum : but not this sum and the interest due at the rendition of the judgment.

*Interest given by a judgment forms part of it, and must be calculated in and secured in the appeal bond which together, forms the judgment of the Court appealed from.*

There cannot be any doubt that *interest* given by a judgment, is *part* of the judgment, and ought to be secured on an appeal as well as the principal sum.

But the appellants counsel urges that the bond is for the sum required by law, and if the Judge required a larger sum, the party was not bound to give security therefor : and he

has referred us to the Code of Practice, Article 575,—which speaks of *a sum exceeding one half the amount* of the judgment.

We believe there is a clerical or typographical error in this part of the Code, and that the intention of the article was as the district Judge has understood it. As far as our knowledge goes, it has been until now understood that the bond should be for "a sum exceeding *by one half* the amount, &c." It is clear either of these articles "*by*" or "*of*" was accidentally omitted.

The French text of this article places it beyond a doubt, that the participle "*by*" was intended. But it is true the English and not the French text, is to govern. In the two next articles, 576 and 577, which treats of judgments for the recovery of slaves, moveable or real property, the appeal bond is required to be for an amount exceeding *by one* half the estimated value of such slaves or moveable property : and in the case of real property, the Code speaks of an amount exceeding by one half of the estimated value of the revenue, &c.

There is a clerical mistake, or typographical error in that part of the English text of articles 575 of the Code of Pracfice, which says the appeal must be taken for "one half the amount of the judgment," &c. It should read "*exceeding by one half* the amount, &c."

Before the Code of Practice on judgments for the recovery of a sum of money, the appeal bond was required to be for a sum not exceeding double the value of the matter in dispute. Acts of 1813. Ch. 11. See 8. 1 Mar. Dig. 436.

Were we to confine our attention to the Article 575 of the Code of Practice, we might be compelled to adopt the construction contended for by the appellant's counsel, we think that our duty requires our attention should be extended to the following articles of the Code, and the preceding laws ; and in doing so we must conclude that the district Judge was correct in requiring security for a sum exceeding *by* one half the amount of the judgment.

The appeal bond must *exceed by one half* the amount of the whole judgment appealed from, to entitle the appellant to a suspensive appeal.

But the appellants counsel has further urged that he gave security for $1700, and this being evidently more than sufficient to cover costs, he entitled himself thereby, if not to a *suspensive*, at least to an appeal merely devolutive.

And by the article 574 of the Code of Practice, the judge must in all cases, whether it be a suspensive appeal, or merely a *devolutive* appeal, fix the amount of the appeal bond, which is the legal sum.
\

Whether the appeal be intended to be *devolutive* and *suspensive*, or merely *devolutive*, the law requires a bond for a sum to be fixed by the Judge—Article 575. The Judge cannot grant the appeal without fixing the sum in which bond is to be given when he has done so, the sum by him fixed is the legal one, and a bond for a lesser one is not legal.

It is therefore ordered, adjudged and decreed that the appeal be dismissed.