LAURENT MILLAUDON *v.* MRS. A. B. GORDON, et al.

*Per Curia :*—We do not think that it is against good conscience to maintain a judgment rendered against a party who will neither give his personal attention to a suit wherein the judgment was rendered, nor employ another to represent him.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *Miles Taylor, C. Dufour.*

HYMAN, C. J.   Plaintiff, Millaudon, sued to annul a judgment rendered in said District Court against him, and in favor of Mrs. A. B. Gordon, testamentary executrix of the estate of Alexander Gordon, deceased, for $2,237 93, with legal interest from 25th June, 1855, till paid, and costs of suit, and obtained an injunction against the enforcement of an execution issued thereon.

Defendant, Mrs. A. B. Gordon, executrix, answered by general denial, and prayed for damages.

The District Judge rendered a judgment annulling said judgment, and defendant has appealed.

The judgment sought to be annulled was rendered on 31st January, 1862, and signed on 10th February, 1862, in the suit styled *A. B. Gordon's testamentary executrix* v. *L. Millaudon,* and the cause alleged for demanding its nullity is, that, in the trial docket the name of "Janin" was united as attorney for Millaudon in the suit, although Janin was not employed by him, was absent, and did not at any time represent him therein.

Millaudon employed H. Griffin, an attorney at law, to represent him in defence of the suit, who filed an answer therein for him, March, 1858. A judgment was thereafter rendered against him (Millaudon), and from which judgment he appealed to this Court, when it was reversed, 10th June, 1861, and the suit remanded to the District Court for a new trial. Millaudon, after he had taken the appeal, gave no further attention to the suit; and, although his attorney died, May, 1861, while the suit was on appeal, he employed no other attorney, and knew not of the reversal of the first named judgment, until after execution had issued on the judgment which he sued to annul.

It is not proved that defendant caused the name of Janin to be placed on the trial docket as representing Millaudon.   There was no fraud or ill practice on the part of the defendant, nor was the judgment obtained by such means.   She had the right, after the answer was filed, to have the suit called, and a day fixed for its trial, whether Millaudon had an attorney or not.   See C. P. 463.   This right she exercised, and the suit was tried on the day fixed by the Court; and, as Millaudon neglected to give his personal attention to the suit, or to employ an attorney to represent him therein, we do not perceive how an improper advantage was taken of him.   If the proceedings were ex parte, and he was unheard, his own conduct was the cause.

The placing the name of Janin, as representing him, did not nor could not mislead him, for he made no enquiries about the suit.

We do not think that it is against good conscience to maintain a judgment rendered against a party who will neither give his personal attention to a suit wherein the judgment was rendered, nor employ another to represent him.

It is ordered, adjudged and decreed, that the judgment appealed from be reversed; that the prayer of the plaintiff's petition be rejected; that defendant, Mrs. A. B. Gordon, testamentary executrix of the estate of Alexander Gordon, deceased, recover from plaintiff and his security on his injunction bond, Casimir Gardanne, in solido, three per cent. per annum additional interest on the amount of the judgment, from the date of the order of injunction, to wit: 28th February, 1862, until the day of its dissolution, together with two hundred and fifty dollars, special damages, and the costs of suit in both Courts.