### No. 2177.—CITY OF NEW ORLEANS *v.* O. E. HALL.

A party cannot make an appearance by rule to set aside a judgment by default on the ground that the proceeding against him was informal, and contrary to law; and at the same time urge the exception of want of citation.

Alleged errors in the assessment roll must be proved, and it must be shown that the party complaining has in vain endeavored to have them corrected in the manner prescribed by law.

APPEAL from the Fourth District Court, parish of Orleans *Théard,* J. *F. Michinard,* for plaintiff and appellee, *Clarke & Bayne* and *Renshaw,* for defendant and appellant.

HOWELL, J. This is a suit by special and summary proceeding for the collection of the taxes of 1867, in which a default was taken in the Fourth District Court for the parish of Orleans, on the sixteenth of January, 1869. On the thirtieth of the same month the defendant excepted "to the demand of plaintiff, on the ground that he has had no citation or notice as the law requires," and he prayed that the suit be dismissed. On the same day the following rule was filed: "On motion of Clarke & Bayne and Renshaw, attorneys for O. E. Hall, and on suggesting to the court that an exception has been filed herein by said Hall, it is ordered that plaintiff show cause on Monday the eighth of February, 1869, at ten o'clock, A. M., why the default herein taken

should not be set aside, the proceedings taken by the city of New Orleans herein, being informal and contrary to law."

This rule, after hearing evidence thereon, was discharged, and on the same day upon motion of counsel and filing an answer, the judgment by default was set aside. In the answer the defendant, "reserving his exception heretofore filed and averring that he ought not to be compelled to answer over for want of due citation and statement of plaintiff's demand, and by protestation, answers that said tax has not been lawfully assessed and is not due from this respondent."

Upon introducing in evidence the tax bill stamped, "published according to law, (signed) William S. Mount, Treasurer," judgment was rendered against the defendant, who appealed and who now contends that the law under which the plaintiff has proceeded (act of 1868, No. 197), does not authorize the city to proceed in this summary mode without citation in person or at the domicile, as the record does not show that a judgment for said taxes had been rendered against him, as contemplated by said act.

Admitting defendant's construction of said statute to be correct, and that it does not authorize judgments to be rendered against defaulting tax payers for the taxes of 1867, upon simple publication of notice in the official journal without specifying their names, except in cases where judgments have been rendered in 1868, in courts which may be without jurisdiction thereof under the Constitution of 1868, upon which point we express no opinion, yet he may, in strictness of pleading, be held to have waived any objection on this score, as there is no evidence in the record that his exception for want of due citation has ever been overruled, or that he has demanded a trial thereof before proceeding to the trial of any other issue. The rule to set aside the default, on the ground that the proceeding against him was informal and contrary to law, is not an exception based on a want of citation, and the suggestion therein that an exception had been filed is not a reservation of the exception. The rule asked that the default be set aside, while the exception asked that the suit be dismissed; 'and, although the evidence adduced on the trial of the rule may have sustained its allegations (a fact immaterial to the question of pleading), yet in making an appearance to file and try it, he waived his exception and practically admitted having notice of the suit. He cannot thus make an appearance and at the same time urge a want of citation. 4 L. 91; 5 L. 258; 10 R. 13; 1 A. 323; 11 A. 195, 197. The taking of the rule is an unusual proceeding.

As to any errors in the assessment they must be specially alleged and proved, and it must be shown that the defendant has in vain endeavored to have them corrected in the manner prescribed by the law. 11 A. 69, 195, 251; Acts 1856, p. 151 *et seq.* §§ 63, 65, 77, 78, 81, 82, 94, 95.

Judgment affirmed.