No. 2321.—MERCHANTS' MUTUAL INSURANCE COMPANY v. J. L. POINTER.

The discovery of a better defense after judgment than the one urged on the trial, such as that the title of the assured to the steamer was fraudulent and simulated, is not good cause for annulling it.

The averment in an action of nullity, that had the insurance company known of the fraudulent and simulated character of plaintiff's title to the vessel at the time the insurance was effected, they would not have taken the risk, is a good defense to urge at the trial. But it is not a valid basis for annulling the judgment which has been obtained without fraud or other ill practices by the judgment creditor on the trial. C. P. 607.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.* *Albert Voorhies,* for plaintiffs and appellants. *Randolph, Singleton & Browne,* for defendant and appellee.

WYLY, J. The plaintiffs, the Merchants' Mutual Insurance Company, have appealed from a judgment dismissing their suit to annul a judgment obtained by the defendant against them in the district court, and also, on appeal to the Supreme Court, for the amount of an insurance policy on the steamer Fanny Fisk, which was lost.

The question is, can the Insurance Company, who only set up a special defense to that suit, to wit: the unseaworthiness of the vessel, now sue to annul the judgment therein, on the ground that since its rendition they have discovered that the title of the assured to the steamer was not valid, that it was a fraudulent simulation, which, had

it been known to them, would have induced them to decline taking the said risk. In other words, will the discovery of a better defense, after judgment, than the one used on the trial, be a good cause to annul it?

In our opinion it will not if it be of the character of the one herein relied on.

It is a good defense to a suit that the contract on which it is based was consummated by deception or fraud. But such an averment would not be a valid basis for annulling a judgment obtained without fraud or other ill practices of the judgment creditor at the trial. C. P. 607.

It is not pretended that there was fraud practiced at the trial. The complaint is simply that the insurance company would not have made the contract of insurance with the defendant, had they known that his title deed to the "Fanny Fisk" was not valid, that it was a fraudulent simulation. This would probably have been an effectual defense had it been urged at the trial, but it is no ground to annul the judgment. We have discovered, in the written opinion of the learned judge *a quo*, an elaborate examination of the question, and regard his conclusion as correct.

It is therefore ordered that the judgment herein be affirmed, with costs.

Rehearing refused.