## No. 6695.

STATE EX REL. THOMAS JORDA VS. THE JUDGE OF THE FOURTH DISTRICT COURT.

The bond for a suspensive appeal from a money judgment *must* exceed by one half the principal, and interest due, at the date of the judgment. The court can not fix it for any less amount.

The surety on an appeal bond must reside within the jurisdiction of the court, and be amenable to its process in case any action against him on the bond should be had, and have property over and above any incumbrances on it equal in value to the amount for which he is bound.

APPLICATION for writs of mandamus and prohibition.

*G. H. Braughn* and *John B. Kunz,* for relator.

*Clarke, Bayne & Renshaw,* for respondent.

The opinion of the court was delivered by

MARR, J. Judgment was rendered in the Fourth District Court, on the twenty-third of May, 1877, in favor of Davis, against Thomas Jorda, on a promissory note, secured by mortgage, for $5700, with eight per cent interest from the first of September, 1876, five per cent on the aggregate of principal and interest for attorney's fees, $4 50 protest fees, and costs of suit, with privilege and special mortgage on the property described.

On the fourth of June, Jorda moved for a suspensive appeal, which was granted on his giving bond, with good and solvent security, in the sum of $9500; and on the same day a bond for that sum was filed, with four sureties, one for $4000, one for $2500, and two for $1500 each.

On the fifteenth of June counsel for Davis, the plaintiff, took a rule on Jorda to show cause why the appeal should not be set aside and dismissed, on the grounds:

First—That the bond is not good, and such as is required by law.

Second—That the sureties are not good and solvent, and are not such as are required by law.

On the trial of this rule a mass of evidence, oral and documentary, was

State ex rel. Jorda vs. Judge of the Fourth District Court.

offered. The court decided that the bond was not sufficient; and set aside the appeal. The plaintiff was proceeding to execute the judgment when Jorda applied to this court for a mandamus to compel the district judge to grant him a suspensive appeal, and for a writ of prohibition to stay proceedings in the meantime.

In answer to the rule *nisi*, granted by this court, the judge states that the insufficiency of some of the sureties was proven by the testimony; and that the signature of Pedro Martinez, as one of the sureties in the appeal bond, was a forgery. As each of the sureties bound himself for part only of the amount, it was necessary that all should be good and solvent.

We have carefully examined the testimony taken in the district court; and we concur with the judge in his conclusion that the bond is not such as the law requires; and that it is wholly insufficient. The surety for $2500 owns furniture which he estimates at from $500 to $600, and real estate which he thinks may be worth from $3500 to $4000. He testifies that this property was assessed for taxation at $2000; that he applied to the Board of Assessors to have this valuation reduced; and upon the showing he made, supported by his affidavit, the valuation was reduced to $1700. He owes $1100, secured by mortgage on this property, and some $300 besides. His insufficiency, as well as that of Pon, one of the sureties for $1500, is manifest.

Jose Martinez testifies that he was present when his brother, Pedro, signed the bond; and he swears that Pedro is worth more than the $1500 for which he bound himself. Other witnesses prove that judgments for small amounts, against Pedro, remain unsatisfied, notwithstanding the efforts of constable and sheriff. His judgment creditors do not know where to find property to satisfy their claims.

Pedro Martinez is a dealer in tobacco and cigars; and he has had occasion, more than once, to give bond for his appearance to answer for violations of the internal revenue laws. His signatures to these bonds, and to papers filed in the State courts were produced; and they have been brought up for our inspection. We do not undertake to sit as experts in handwriting; but no great skill is required to perceive the wide difference between the several signatures proven to be genuine, and that which is affixed to the appeal bond in this case; and the comparison confirms the testimony of the professed experts.

In January, 1876, Pedro Martinez was indicted in the United States Circuit Court, for feloniously removing internal revenue stamps from cigar boxes, and having them in his possession with intent to defraud the government. He was arrested and admitted to bail; and was afterward surrendered by his surety. He was again admitted to bail; and, on the fifteenth of May, 1877, Thomas Jorda became surety, in the sum of $1000,

for his appearance. On the sixth of June, Pedro was called, and on his failure to appear, his surety, Jorda, was called to produce him, which Jorda failed to do; and, thereupon, the recognizance was forfeited.

Jose Martinez says his brother, Pedro, has gone to New York, to sell some cigars. No witness gave the date of his departure; but it is evident that he is a fugitive from justice; and the application of Jorda for a continuance of the rule to enable him to procure his testimony was properly denied, as it was not indicated when or where he could be found.

Whether Pedro Martinez signed this bond or not, the proof shows his want of sufficiency. But if he had ample means, he would not be good security. The good security required by law, must reside within the jurisdiction of the court, and be amenable to its process, in the event of a resort to the appeal bond.

The law requires that a suspensive appeal bond, in case of a money judgment, shall exceed by one half the amount of the judgment. C. P. article 575; and jurisprudence and long uniform practice have settled the interpretation that the amount is the total sum due, at the date of rendering the judgment, including interest, and excluding the costs of suit. Ross vs. Pargoud, 2 La. 85; Brown vs. Brown, 9 An. 310. An accurate calculation will show that the bond is not sufficient in amount; and the fact that the amount was fixed in the order of appeal is without effect or significance. It is not the province of the judge to fix the amount of the bond, for a suspensive appeal, from a money judgment, because the law fixes it.

| | |
|---|---:|
| Judgment rendered twenty-third of May, 1877 | $5700 00 |
| Interest from first of September, 1876, eight months and twenty-three days, at eight per cent | 332 19 |
| Five per cent on aggregate, $6032 19, for attorney's fees | 301 61 |
| Protest fees | 4 50 |
| Total at date of judgment, twenty-third of May, 1877 | $6338 30 |
| One half | 3169 15 |
| Amount of bond required for suspensive appeal | $9507 45 |

The maxim *de minimis* does not apply; because there can be no suspensive appeal, where there is not a bond, with good and solvent security, residing within the jurisdiction of the court, exceeding by one half the amount for which the judgment was given, if it be for a specific sum. The law attaches equal importance to each and to all of these conditions; and if one of them be wanting the defect is fatal.

The relator is not entitled to the relief which he seeks at our hands; and it is therefore ordered, adjudged, and decreed that the rule *nisi*, granted in this case, be discharged, and that the relator, Thomas Jorda, pay the costs of this proceeding.