On Motion to Dismiss.
The opinion of, the court was delivered by
Poché, J.
The proceeding, thus qualified, which we are about to review, is properly an- appeal by plaintiff, in whose favor the judg-r ment on the merits wa's rendered below, from a decree which denied her motion to set aside the appeal taken by the defendant corporation, and is predicated on the following grounds:
1. That the surety on the appeal bond, was not good or sufficient for the amount for which he had bound himsélf. •
2. That'the amount of the bond furnished was insufficient to sus-' tain a suspensive appeal.
' The relief prayed for was in the alternative, either the absolute -dismissal of the appeal, or to declare it devolutive only.
. .Aftei* heading evidence and argument of counsel the District Judge ■discharged the rule taken by plaintiff, and her présent appeal is from that judgment
In this court she coupled her appeal to a motion to hence dismiss defendant’s appeal from the judgment on' the merits, but the only question legally before us is the appeal from the judgment on plaintiff’s rule in the lower court for the dismissal of the appeal taken by defendants.
1. The judgment on the merits below, was in favor of plaintiff in the sum of $5000, with legal interest from the date of its rendition, -and for costs of suit. ■ • ■
The record shows to our satisfaction, as it did to the District Judge, that the surety on the appeal bond is good for the amount in which he proposed to bind himself. He owes no debts, except taxes 'exigible' at the end of the • current year, and he owns property *293 assessed at §7500, and appraised ,by a competent expert at §8000 as. its present market value. Hence we consider Mm a competent surety on a bond of §7500.
2. But plaintiff’s second point is that the bond itself is not of an amount sufficient to sustain a suspensive appeal, , and the contention is that it does not cover interest and costs of'suits.
The requirement of the Code as to a suspensive appeal from a. moneyed judgment is that the appeal bond be .“.for a sum exceeding by one-half the amount for which the judgment was given.’.’ Ó. P., Art. 575. ...
,. No mention is made in terms either of interests or costs, and hence it would not be a violent presumption to conclude that, the law maker, did not intend either to figure as elements m making up the amount, of the bond. The law maker doubtless considered that both were protected in the half required in excess of the amount for which the judgment was given. And if the matter was res nova that.conclusion would strongly commend itself to such a judicial construction.
But it has been held in several eases that in making up a suspensive appeal bond, — interests which had accrued on the demand or claim previous to, and up. to the date of; the judgment should be included as part of the judgment. Ross vs. Pargoud, 2 La. 85; Brown vs. Brown, 9 An. 310; Jorda vs. Judge, 29 An. 776. Lienee that rule can be considered as settled, and we have no desire to disturb it.
But it has no application to the bond now under discussion, because the judgment appealed from covers.no pre-existing Mterests and contemplates none but future accruing interests, to ‘date only from the rendition of the judgment. It stands to reason that interests, which had no existence previous to the judgment from which alone they are to spring and to derive their being, can have no effect, to swell the amount of the judgment at the very moment that the decree is rendered. Hence it follows that in this case the interests to accrue in the future formed no integral or computable part of the judgment at the date of its rendition. As they had yet no actual being they could produce no present effect.
As to the costs, our conclusion is that they are not to be .included in the amount Of the appeal bond. . '. .
The direct question came up but once in our judicial history and it was settled in harmony with our views as herein expressed.. It was. *294 in the case of Brown vs. Brown, 9 An. 310, in which the court said that a different interpretation had up to that time never prevailed or even been contended for.
It was there said: “A bond being required, exceeding by one-half the judgment, including interest accrued to the date of its rendition, the appellee is well secured under that interpretation for the costs and all future interest.”
Indeed no other interpretation affords a legal reason for the exaction of a bond exceeding by one-half the amount of the judgment .appealed from.
We therefore conclude with the District Judge that the amount of the bond furnished in this case is sufficient to sustain a suspensive appeal.
It is therefore ordered that the judgment of the District Court overruling plaintiff’s motion to dismiss the appeal taken by defendants in this case be affirmed at her costs in both courts.