No. 12,862.

J. A. WOODVILLE VS. MRS. WILHELMINA KLASING, WIFE OF HENRY H. BRINKMAN.

51 1057
e112 565
112 566
112 567

51 1057
124 129

## SYLLABUS.

(1) The District Court has jurisdiction to determine the appellees have a right to proceed with their execution. Its dismissal of the suspensive appeal had only that effect, and left the judgment debtor to whatever right she may have to a devolutive appeal. The dismissal of the suspensive appeal did not prejudice whatever right she may have had to a devolutive appeal.

(2) A suspensive appeal bond must be one-half over and above judgment and interest.

(3) While it is true that the amount of the bond, as fixed by the district judge, will suffice for a devolutive appeal, though not enough for a suspensive appeal; it will not be sufficient if it is not preceded by any order whatever.

(4) An order was entered, dismissing the appeal. From that judgement, only, defendant appealed. Defendant did not appeal from the moneyed judgment rendered against her. It follows appellees could not join in an appeal from a judgment from which no appeal had been lodged before the Supreme Court, and the amendments prayed for remained without effect, as related to a judgment not before the court.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*Edwin T. Merrick* for Plaintiff and Appellee.

*J. B. Rosser, Jr.,* for Defendant and Appellant.

Argued and submitted March 7, 1899.
Opinion handed down March 20, 1899
Rehearing refused May 1, 1899.

The opinion of the court was delivered by

BREAUX, J. This is a suit by plaintiff to collect a fee for services rendered by him as an attorney at law in obtaining a judgment for defendant against her husband, of separation from bed and board, and separation of property.

Judgment was rendered in favor of the plaintiff, Woodville, for $2,500, with legal interest from judicial demand and costs.

67

A suspensive appeal was taken from this judgment upon a bond for $3,850. Plaintiff moved the court to dismiss the appeal on the ground, that the bond was insufficient in amount.

The motion was granted, and appeal dismissed.

A suspensive appeal was taken from the judgment dismissing the appeal.

Plaintiff here answered the appeal, alleging, in the first place, that he is entitled to a judgment of $5,000, instead of $2,500, and that defendant had no cause to appeal.

Appellee's prayer is for an increase of $2,500, if, he averred, in these proceedings, an increase is permissible; but in case the judgment is a finality, plaintiff prays for ten per cent. damages for a frivolous appeal.

The bond, as alleged by appellee, was not sufficient for a suspensive appeal.

Principal and interest amount to ......................$2,598 75
One-half over the bond ............................... 1,299 37
                                                       ----------
                                                       $3,898 12

The suspensive appeal bond, signed by defendant, we have seen, was for less than the amount just stated.

Appellant endeavored to meet plaintiff's position regarding the insufficiency of the bond by the defense, that a bond for a suspensive appeal is sufficient to sustain the appeal as devolutive.

As the bond was insufficient in amount, it follows that appellant was not entitled to a suspensive appeal. The decisions sustaining that view on the subject are clear enough, and the article of the Code of Practice being positive, leaves but little, if anything, to interpretation.

The requirement is that the appeal bond be for a sum exceeding by one-half the amount for which the judgment was given. Code of Practice, Art. 575.

Here, if account be taken of the interest on the amount of the judgment, the bond was for less than the law requires. It is well settled that, in making up the bond, interest should be held as forming part of the judgment. Ross vs. Pargaud, 2nd La., 85; Brown vs. Brown, 9th Ann., 310; Paland vs. R. R. Co., 42nd Ann., 290.

Woodville vs. Klasing.

The right *vel non* of the lower court to dismiss the appeal for insufficiency in amount of the bond, is the next question in order for our decision.

The contention of the defendant is, if the amount of the bond is found insufficient, the appeal should not have been dismissed, but that it should have been held to operate as a devolutive appeal.

Generally, the only effect of the party's failure to comply with the requirements of the law, as relates to the amount of the bond, is to render the appeal devolutive. The District Court, in such a case, has jurisdiction to authorize the judgment creditor to take out his execution. Here, it is manifest that plaintiff had the right, after the suspensive appeal had been dismissed, to take out an execution, and that to that extent, at least, this right is recognized by the judgment of dismissal of defendant's appeal. The judgment was legal.

This was the only effect the order of dismissal had. It left defendant at liberty to prosecute a devolutive appeal, if she had such a right, under the order of appeal granted.

In answer to position assumed by appellant; that prayer for an amendment and an increase of the judgment of $2,500 appealed from to $5,000, is a waiver and abandonment of the motion to dismiss the appeal, and, likewise, the prayer for ten per cent. on the amount of the judgment appealed from; we deem it proper and sufficient to say that defendant has not appealed from the judgment rendered in the case against her and in favor of plaintiff. She appealed solely from the judgment dismissing her suspensive appeal, and it follows not from the judgment itself. It is not before us at all, and, for that reason, is not considered by us.

We are constrained to decline affirming, amending or reversing a judgment from which no appeal has been taken.

We are not inclined to the opinion that a devolutive appeal lies in all cases in which the amount of the bond is less than is required for a suspensive appeal.

When the appeal bond is given as required in amount fixed by the order of the court, the appeal is devolutive, though the amount thus fixed by the court does not exceed by half the amount of the judgment.

But it is different, in our view, when, as in this case, no such order is to be found of record.

We had in mind the case of Poydras vs. Patin, *et al.*, 5th La., 127, and other cases sustaining a similar rule of practice, when we stated,

as we did, in Michener *et als. vs* Reinach, 49th Ann., 361: "The amount of the *bond is that fixed* by the judge *a quo.*" (Italics ours)..

When there is no order, the mere fact that one has attempted to give a suspensive appeal bond, but failed, as to the amount of the bond required, we very much question his right to a devolutive appeal, after the court has decreed that the bond is not large enough in amount for a suspensive appeal.

If there yet remained a right to a devolutive appeal, without any preceding order fixing an amount, it might give rise to some uncertainty, even confusion, in matter of appeal, in that it might be claimed that a bond for any amount, entitled a bond for a suspensive appeal, was enough security for the costs, and for a devolutive appeal. Such, we take it, never was the intention. The weight of the decisions, conservatively, requires an order from the court. When it has been the court required bond in an amount sufficient to cover costs, but it is not left to the party appealing to determine the amount of the bond for suspensive appeal, however small, and, in case it is not large enough, claim the right to a devolutive appeal.

The appeal from the order dismissing defendant's appeal was not, in our view, frivolous, and not such an appeal as entitled appellee to damages.

The judgment appealed from is, therefore, affirmed.