On Rehearing.
LAND, J.
The amount of bond given by defendant is less than the amount required by law to sustain a suspensive appeal, and, as the order of court granting the appeal did not fix any amount, a devolutive appeal is impossible.
We therefore dismissed the appeal on the authority of the cases of Jorda v. Judge, 29 La. Ann. 776, and Woodville v. Klasing, 51 La.Ann. 1057, 25 South. 635.
Appellant’s brief is an able and ingenious argument in support of the contentions that the expression of amount is not essential, and that the maxim of “de minimis non curat lex” should apply. Because a duly executed appeal bond with the amount in blank may be construed as intending the sum fixed by law or order of court, it does not follow that, where the amount is written in the instrument, the surety can be held for a larger sum than he has covenanted to pay.
If the argument had been made that the amount nominated in the bond was more than sufficient to pay all possible costs, and therefore sufficient to sustain a devolutive appeal, it would have been more persuasive. It has never been held that an appeal bond in a sum less than the amount fixed by article 575 of the Code of Practice can have the effect of suspending the execution of the judgment appealed from.
It has been held, however, that, where the amount of bond for a suspensive appeal is fixed by order of court, and the appellant *567 gives bond in tbe amount so fixed, tbe appeal will be maintained as devolutive if tbe amount be insufficient in law to suspend tbe execution of tbe judgment. But, where tbe order of appeal does not fix any amount, there can be no devolutive appeal. It is suspensive or nothing.
In addition to the authorities cited in our opinion, the cases of Keenan v. Whitehead. 15 La.Ann. 333, Succession of McCall, 19 La.Ann. 507, and Marehand v. Casanave, 22 La.Ann. 026, are directly in point.
In Keenan v. Whitehead, 15 La.Ann. 333, the defendant was allowed a suspensive appeal upon giving his bond with good and solvent security according to law.
He gave bond' in the sum of $2,250, which lacked less than $20 of being the proper amount. The court dismissed the appeal. Merrick, C. X, said:
“The condition upon which a party is entitled to an appeal is that he execute his bond in such sum as ordered by the judge granting the appeal.
“Until be has complied with that order, ills appeal is not perfect in this court, either as a suspensive or a devolutive appeal. Code Prac. arts. 573, 574, 575.
“It is otherwise where the appellant has complied with the judge’s order, and given bond in the sum fixed. In such case we hold that, if the bond is insufficient for a suspensive appeal, still it is good as a devolutive appeal, because it is the amount fixed by the'judge” — citing a number of cases.
This case was followed in Succession of McCall, 19 La.Ann. 507, and in Marehand v. Casanave, 22 La. Ann. 620, where the deficit in the suspensive bond was about $10. Hence the cases of Jorda v. Judge, 29 La. Ann. 77C, and Woodville v. Klasing, 51 La. Ann. 1057, 25 South. 635, follow the unbroken line of jurisprudence on this subject.
While we appreciate the possible hardship that may result from the dismissal of defendant’s suspensive appeal, such a consideration does not warrant a departure from well-settled rules of practice and a substitution of the discretion of the court in each particular case for that legal certainty so desirable in judicial proceedings.
It is therefore ordered that the rehearing applied for in this case be refused.
(May 9, 1904.)