No. 9793.
Orleans Appeal.

SURETY CREDIT COMPANY, INC., v.
LOUIS J. BAUER, ET AL.

(December 15, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Judgment, Par. 98, 103.**

"To entitle a party to maintain action to annul judgment, a case must be exhibited of matter which would make it against good conscience to execute the judgment, and of which the injured party could not, with due diligence, have availed himself in the former suit, or of which he was deprived by fraud or accident. If there has been laches or negligence on his part, he is not entitled to relief." Swain vs. Sampson and Keen, 6 La. Ann. 799.

2. **Louisiana Digest, Judgment, Par. 39.**

"Where, in judicial proceedings there is no doubt as to the identity of the defendant intended to be cited, a slight error in his name is immaterial, and a suit to annul a judgment contained on such citation will be dismissed, especially where notice of judgment is shown to have been served upon him in person." C. C. Snider Cig. & Tob. Co. vs. Anselmo, 9376 Crt. App.

(Code of Practice, Art. 607—Editor's Note.)

Appeal from the First City Court for the City of New Orleans, Sec. "B", Hon. Val J. Stentz, Judge.

This is a suit to cancel and annul and to enjoin execution of a judgment. Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Marx & Levy, W. O. Hart, for Civil Sheriff, attorneys for plaintiff and appellee.

Arthur Landry, attorney for defendant and appellant.

BELL, J. This is an action by one who alleges himself to be Francis T. Brown, to cancel and annul and to enjoin the execution of a certain judgment rendered by the First City Court of New Orleans, on the 19th day of May, 1924, in the case of Surety Credit Co., Inc. vs. Louis J. Bauer, et al., No. 118,990 of the docket of said court. The judgment now sought to be annulled, and the execution of which Francis T. Brown has attempted to enjoin, was a judgment rendered on a promissory note, the joint and solidary makers of which were Louis J. Bauer and one styled "Frank Brown". Against both of these defendants a judgment in solido for $200.00 was rendered by default, and no appeal was taken from the judgment. Francis T. Brown (hereinafter referred to as plaintiff in injunction) now claims that his property has been unlawfully seized in execution of the above judgment against Bauer and Frank Brown, and he seeks to enjoin the execution and to annul the judgment upon the allegation that he is not Frank Brown, one of the judgment debtors, and also that the signature of Frank Brown on the note upon which the judgment was obtained is a "forgery and a fraud". For this reason only it is alleged that the judgment should be annulled and its execution enjoined. There are no allegations whatever of any vices in form relative to the proceedings under which the judgment was obtained, nor are there any averments that the definitive judgment sought to be annulled was obtained through fraud or ill practices of the judgment creditor, in whose favor it was rendered, and who is now made defendant in these proceedings. (C. P., Art. 607.)

Answering the petition of plaintiff in injunction, defendant admits that it is the plaintiff in the original suit, and that execution upon the judgment in its favor has issued. Under these admissions, defendant alleges that the property seized is in fact the property of Frank Brown, who is, in truth, the same person now claiming to be Francis T. Brown; that plaintiff in injunction signed as "Frank Brown" the note upon which the judgment was obtained, and

that, therefore, the signature on the note is not a forgery. It is further averred and charged that plaintiff in injunction was guilty of gross laches, and, therefore, cannot be granted the relief prayed for, because he was personally cited in the suit upon the note, to which he was a party; that he permitted judgment to be taken against him by default; that he was duly served with notice of judgment and failed to appeal therefrom, and that long before the institution of this suit, he was frequently notified by defendant, as well as by defendant's attorneys, of the claim held against him, and that he repeatedly promised that same would be paid.

From a judgment dissolving the injunction and dismissing the petition for annulment, plaintiff in injuncton has appealed.

The learned judge of the tral court found as a fact (the record clearly disclosing it that plaintiff in injunction, several months before the filing of the original suit, protested to the defendant against his liability on the note, claiming that the signature of Frank Brown thereon was not his signature and was, therefore, a forgery, and that he had never signed any note whatever for or with Louis J. Bauer, his brother-in-law and close neighbor.

Our examination of the record, particularly the admissions of plaintiff in injunction, leads us to the same conclusions as were reached by the trial judge, on this important fact. There can be no doubt that if it were a fact that the signature on the note was a forgery, plaintiff in injunction was well informed to this effect, long prior to the original suit. He has not proven that there was anything which hindered or prevented him from pleading such a defense. Furthermore, his inexplicable. quiescence from the moment of personal service of citation in the original suit, until five days after the seizure of his property, furnishes abundant justification for the charges that he was guilty of gross laches.

Upon innumerable authority it has been repeatedly held that no action of nullity will lie to set aside a judgment against one shown to be guilty of gross laches, and where the grounds of a legal defense which would otherwise be available were known to him long before trial. This doctrine is tersely stated in Hennen's Digest, Vol. 1, page 744, Sec. 17, as follows:

"Action of nullity is not limited to the cases specified by Art. 607 C. P.; but plaintiff must show that it would be against good conscience to execute the judgment, and that he could not have availed himself of the matter in former suit, or was prevented by fraud or accident. If by reasonable diligence he could have known such matter, or if he had been guilty of laches, he cannot be relieved."

(See also 4 La. Dig., page 168, par. 103.)

It has been held in the case of Swain vs. Sampson, 6 La. Ann. 799:

"Where a default on a note payable to James S., the latter, though wholly unconnected with the note, the indorsement being that of his brother, John S., is precluded by his laches in failing to appear and prevent the error of evidence, from an action of nullity."

(See also Perry vs. Rue, 31 Ann. 287; Globe Realty Co., Ltd., vs. Cotonio, 3 Court of Appeal, 270; Welfare Loan Co. vs. E. L. Landry, et al., 9063 Orl. App.)

It is urged, though not pleaded, that plaintiff in injunction could not have been legally made a party to the original suit and, therefore, could not be guilty of laches because the citation, though personally served upon him, was directed against "Frank", not Francis T., Brown. We are convinced, as was the trial judge, that Frank and Francis T. Brown are one and the same person, but even if this were not a fact, such a defense cannot be here considered, because never pleaded. Even if this point were at issue, the jurisprudence is against such contention. In the case of C. C. Snider Cigar & Tobacco Co. vs. Mardo

Anselmo, 9376 Orl. App., this question was squarely presented. We held in that case, citing numerous authorities, that:

"Where in judicial proceedings there is no doubt as to the identity of the defendant intended to be cited, a slight error in the name is immaterial, and a suit by him to annul a judgment obtained on such citation will be dismissed, especially when notice of judgment shall be shown to have been served upon him in person." (Bagneris vs. Oddo, 7471 Orl. App.; Tarver vs. Quinn et al., 149 La. 368.)

These proceedings might have been well and properly disposed of upon the exception of no cause of action filed herein. The sole ground for relief is predicated upon the insufficient allegation that the signature on the note sued upon and alleged to be that of the plaintiff in injunction is forgery and a fraud. It was necessary, in order to support a cause of action, to have alleged that the judgment sought to be annulled was one obtained through fraud practiced by the party in whose favor the judgment was rendered, that is, by the Surety Credit Co., Inc. No such averment was made, nor does the petition in any manner set forth who, if anyone, was guilty of the alleged fraud. Art. 607 of the Code of Practice provides, in part, as follows:

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered; * * * "

We find no error in the judgment of the trial court.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from herein be affirmed at the costs of plaintiff in injunction in both courts.