No. 2624

Second Circuit

---

PEPPER v. SMITH

---

(June 2, 1926. Opinion and Decree.)
(June 30, 1926. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 598.

In the absence of proof to the contrary, the presumption is that judgment con-firmed on default was rendered upon sufficient evidence.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Winn. Hon. F. E. Jones, Judge.

Action by Z. E. Pepper against J. W. Smith.

There was judgment for plaintiff confirmed on default and defendant appealed. Judgment affirmed.

R. W. Oglesby, of Winnfield, attorney for plaintiff, appellee.

Moss & Peters, of Winnfield, attorneys for defendant, appellant.

WEBB, J. In this action the plaintiff, alleging ownership of a promissory note drawn by W. J. Hatton, indorsed in blank by J. N. Smith, and secured by mortgage and vendor's lien on certain real estate, prays for judgment against the drawer and endorser in solido, with recognition of the mortgage and lien on his property.

Service was made upon J. N. Smith and a default entered, and after legal delays the default was confirmed, and judgment rendered against J. N. Smith, in accordance with the prayer, for an amount less than the amount of the note, with recognition of the mortgage and vendor's lien.

J. N. Smith appealed from the judgment.

OPINION

The defendant, Smith, assigns as error that it was not shown in what manner the plaintiff acquired the note, taking the position that the petition shows that the note was at one time pledged as collateral security to another than the plaintiff.

The plaintiff, in addition to the allegations of ownership of the note, made other

allegations which are not clear, but which we do not think can be construed as in conflict with the allegation that plaintiff was the owner of the note, and conceding the note was pledged by defendant Smith to another, we assume, in default of the record showing to the contrary, that the pledgee had, under his right of pledge, foreclosed, and that the note was sold to the plaintiff, or that he acquired it in some other legal manner, which we are of the opinion it would have been permissible for plaintiff to have proven under the allegations of ownership.

"In the absence of proof to the contrary, the presumption is that the judgment was rendered upon proper evidence."

Succn. Pilcher, 39 Ann. 362, 1 South. 929, and authorities cited.

The appellant complains also that the court had no right to render judgment recognizing the mortgage and vendor's lien on the property and ordering it sold.

The appellant is not interested in this matter, insofar as the record shows, and conceding that the judgment in this respect was null, Hatten not being cited, we have no authority to notice the judgment in this respect, Hatten not being a party to the appeal.

The judgment is affirmed.