MERCANTILE ADJUSTMENT CO., Appellant, v. POWERS, ET AL.

---

(February 14, 1927. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Judgment—Par. 98, 103.

It has been · repeatedly decided that an injunction cannot issue to stay the execution of a judgment on grounds which might have been pleaded in defense before judgment.

2. Louisiana Digest—Judgment—Par. 98, 103.

Plaintiff must show that he could not have availed himself of the matter in the former suit.

Appeal from First City Court. Hon. W. Alex Bahns, Judge.

Action by Mercantile Adjustment Agency, etc., against Edward Powers, ét al.

There was judgment for defendant and plaintiff appealed.

Judgment reversed. ·'

Jos. A. Casey, of New Orleans, attorney for plaintiff, appellant.

Richard A. Dowling, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. In this case one of the defendants, Frank L. Burg, sued to annul the judgment against him.

The plaintiff, the Mercantile Agency, alleged that. it was the holder of a note of $150.00 signed and endorsed by four defendants, viz.: Edward Powers, A. J. Doize, Frank L. Burg and Alfred Herzog, subject to a credit of fifteen dollars.

Burg was cited at his domicile in the hands of his wife, and all the three others were cited also. Judgment by default was rendered against the four defendants. Notice of judgment was served upon Burg at his domicile in the hands of his wife on January 29, 1926.

On February 26, 1926, a fieri facias was issued.

The sheriff, on May 15, 1926, garnisheed in the hands of the N. O. S. S. Association whatever it might owe to the defendant, Burg. The garnishee answered that it owed Burg $67.50.

The defendant, Burg, then agreed with plaintiff that the amount garnisheed should be divided in the proportion of one-half to himself and one-half to the plaintiff.

On July 17, 1926, Burg filed a petition, in which he alleged all the foregoing facts; he charged that the garnishment of his wages was null and void because "the note alleged to have been signed by him was a forgery and was never signed nor endorsed by him", and he prayed that the judgment against him be annulled and for an injunction. A temporary writ was issued on a bond of $25.00.

On August 5, 1926, there was judgment in favor of Burg annulling the judgment against him and perpetuating the injunction against its execution. The plaintiff, the Mercantile Adjustment Agency, appealed, and we are asked to reverse the judgment.

Over the objection of the Mercantile Agency, Burg was allowed to introduce testimony in support of the allegation of his petition.

Burg testified that he had not signed the note, nor endorsed it. E. A. O'Sullivan, as an expert, testified that the name of Burg upon the face and back of the note were not in the handwriting of Burg.

Edwin Powers, brother-in-law of Burg, swore that Burg had signed the face and the back of the note in his presence. Leo Hezman, plaintiff, testified that Burg had admitted to him that he had signed and endorsed the note.

But it is not necessary for us to criticize the testimony. The law is against Burg. It has been repeatedly decided that "an injunction cannot issue to stay execution on grounds which might have been pleaded in defense before judgment". 1 H. D. 665-2-2; 1 L. D. 311-2-2; Ludeling vs. J. & C. Chaffe, 40 La. Ann. 645, 4 South. 586; Rareshide vs. Enterprise Ginning & Mfg. Co., 43 La. Ann. 820, 9 So. 642; 4 La. Dig., p. 349, S. 103.

No action lies to annul a judgment voluntarily executed. 1 H. D. 744, No. 6, 23 A. 27.

Plaintiff must show that he could not have availed himself of the matter in the former suit. If, by reasonable diligence, he could have shown such matter, or if he has been guilty of laches, he cannot be relieved. 1 H. D. 744, No. 17; Bethel vs. Hawkins, 22 La. Ann. 620; Succession of Corrigan, 42 La. Ann. 65, 7 South. 74; Warren vs. Copp, 48 La. Ann. 810, 19 South. 746; Landry vs. Bertrand, 48 La. 48, 19 South. 126; Millaudon vs. Gorden, 18 La. Ann. 280; Jouet vs. Mortimer, 29 La. Ann. 206; Moss vs. Drost, 130 La. 286, 57 South. 929; Surety Credit Co., Inc., vs. Bauer, 1 La. App. 285.

"Where one personally cited, with full knowledge of matters afterwards urged for an injunction, allows a default to be made final against him without interposing any plea or applying for further time to answer or for a continuance, or suggesting an inability to make at the time a proper defense, he cannot enjoin and annul the judgment; it would be a premium for neglect. Art. 607 C. P. does not apply to such a case." McRae vs. Purvis, Gladden & Co., 12 La. Ann. 85; Succession of Lebrew, 31 La. Ann. 212; Perry vs. Rue, 31 La. Ann. 287; Hood vs. Frellsen, 31 La. Ann. 582; Baham vs. Stewart Bros. & Co., 109 La. 999, 34 South. 54; Lazarus vs. McGuirk, 42 La. Ann. 201, 7 South. 559; Cockerham vs. Perot, 48 La. Ann. 213, 19 South. 122; Harvin vs. Maurepas Land & Lumber Co., 112 La. 1030, 36 South. 843.

. It is therefore ordered that the judgment herein rendered on August 5, 1926; be ·reversed and set aside, and that the de-·mand of Frank L. Burg be rejected at his · cost ·in both courts.