KEYES v. DADE

---

(March 26, 1928.   Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Pleading—Par. 54, 57.**
Exceptions of vagueness must be pleaded
before issue joined.

2. **Louisiana Digest—New Trial—Par. 2, 3.**
A motion for a new trial on the ground
petition showed no legal cause of action
fell within discretion of trial judge and
his refusal of new trial on ground is
affirmed.

3. **Louisiana Digest—Citation and Appearance—Par. 46, 47, 48.**
Exception to citation and return on petition
is waived by voluntary appearance to
urge motion for new trial on other
grounds.

4. **Louisiana Digest — Exemptions from Seizure—Par. 11.**
The salary of a street car conductor is
not exempt from seizure.

Appeal from First City Court, Division
"C."  Hon. Wm. V. Seeber, Judge.

Action by Gus Keyes against L. L. Dade.

There was judgment for defendant and
plaintiff appealed.

Judgment reversed.

Guy J. D'Antonio, of New Orleans, attorney for plaintiff, appellant.

Farrar & Mahoney, of New Orleans, attorneys for defendant, appellee. .

**18  La. App.**

OPINION.

JONES, J.  The original suit No. 11,074
brought by Gus Keyes against L. L. Dade
for damages caused to plaintiff by defendant in an automobile accident which occurred on the night of March 26, 1927,
about 10:00 p. m., was filed on May 5,
1927, and service of process was issued on
the same date, and citation and petition
served on L. L. Dade by leaving same at
his domicile, 6326 Louisville Street, in the
hands of his mother, as will appear by the
constable's return.  Subsequently, on May
13, 1927, judgment by default was rendered
and signed in favor of plaintiff, Gus Keyes,
and against L. L. Dade, in the sum of one
hundred and ninety-nine ($199.00) dollars,
together with legal interest from date of
judicial demand until paid, and for all
costs of this suit.  On May 18, 1927, notice
of said judgment was served on L. L. Dade,
the defendant and appellant, by leaving
same at his domicile, 6326 Louisville Street,
in the hands of his wife, as will appear
by the constable's return.  On May 17,
1927, defendant and appellant filed a motion for a new trial, which was refused for
the reason that it came too late.  On May
31, 1927, defendant, L. L. Dade, defendant
and appellant herein, filed a motion for a
devolutive appeal, which was granted and
is now being prosecuted.

Under this judgment a writ of fieri facias
was issued and a certain piece of real
estate belonging to L. L. Dade was seized.
Suit No. 11,195 to annul the judgment rendered on the 13th day of May, 1927, containing prayer for an injunction to stay
the sale of said real estate was filed by
L. L. Dade, on July 29, 1927.  On the trial
of the merits on the suit for annullment
and injunction there was judgment rendered in favor of Gus Keyes on the 23rd
day of September, 1927, whereupon L. L.
Dade filed a motion for suspensive appeal

which was granted and is now being prosecuted in this court.

Subsequently, under the judgment rendered on the 13th day of May, 1927, Gus Keyes issued a writ of garnishment and seized the wages of L. L. Dade, who is employed by the New Orleans Public Service Inc. as a conductor on its street cars; then certain funds or wages were turned over to the constable of the First City Court by the New Orleans Public Service Inc., and later paid to the plaintiff, without any opposition on the part of the defendant.

Later a second writ of garnishment was issued and L. L. Dade then filed a rule asking that Gus Keyes show cause why the second garnishment should not be released on the grounds that the said L. L. Dade was a laborer, which rule when tried was maintained by the trial court and Gus Keyes thereupon filed a motion for a suspensive and devolutive appeal, which was granted and is not being prosecuted under No. 11,203 of this court.

These three matters were consolidated for hearing in this court.

In suit No. 11,704 defendant has filed an assignment of errors averring:

(1) That the petition showed no legal cause of action and no evidence was admissible in support thereof;

(2) Petition was too vague and indefinite and no fact was set forth with sufficient clearness to justify a judgment;

(3) Court erred in refusing a new trial on ground that application was filed too late, as it was filed at least twenty-four hours before notice of judgment was served on defendant;

(4) The trial court erred in rendering judgment, because no testimony was taken by the official stenographer and the record does not show any evidence.

We shall consider the first two assignments together.

There is no merit in the exception of no legal cause of action as the petition sets forth in detail time, place and cause of collision and specially avers that plaintiff, who was driving his car with due care, was injured by defendant, who was driving his car at an illegal speed in violation of all rules. Defendant's exception is probably based on the following language:

"That on account of said accident your petitioner received injuries to his left arm and chest and contusions of the back; that plaintiff's automobile was damaged to the extent of ninety-five dollars and ten cents ($95.10), all of which will more fully appear by reference to the itemized estimate of repairs attached hereto and made part hereof. Petitioner estimates the damage suffered by him as follows:

Damage for the repair of his automobile _____$95.10

Six days loss of pay due to the personal injuries received, at $3.15 per day _____ 18.90

For pain and suffering received by your petitioner _____ 75.00

making a total due of one hundred and ninety-nine dollars ($199.00), for which said amount the defendant, L. L. Dade, is liable for and should be made to pay."

While the use of the word "estimates" in the above paragraph does not meet all the requirements of the pleading act, the petition must be construed as a whole and if that be done, the petition did set forth a legal cause of action with sufficient clearness to have been safely answered.

The exception of vagueness should have been pleaded before issued joined.

See Art. 333, Code of Practice.

(3) Art. 558, Code of Practice, provides that the party aggrieved may within three

judicial days after judgment has been rendered pray for a new trial.

Art. 560, Code of Practice, says—New trial shall be granted in three cases, (1) If judgment clearly contrary to law and evidence; (2) Newly discovered evidence; (3) Bribery or misconduct by jury.

As the record does not show whether three judicial days had intervened between the rendition of the judgment and the filing of the motion for the new trial, we will not decide whether the motion was filed within legal delays or not. But as the motion does not set up any mandatory cause for a new trial, the matter was clearly within the discretion of the trial court. (See authorities quoted under paragraph 3 of the notes to Art. 558, Code of Practice, 4th edition). And in our opinion that discretion was not abused as the only reasons for a new trial were vagueness in petition and no cause of action, which have been shown above to have no merit.

(4) In the absence of proof to the contrary the presumption is that judgment by default was rendered on sufficient evidence.

See Pepper vs. Smith, 4 La. App. 370.
Succ. of Pelcher, 39 Ann. 362, 1 So. 929.
Rosenthal vs. Rosenthal, 117 La. 790, 42 So. 270.

For above reasons the judgment in suit No. 11,074 is affirmed.

### SUIT NO 11,195.

This is a suit to annul the judgment of the trial court in above matter coupled with a prayer for injunction to prevent seizure of defendant's real estate.

The grounds urged here are those set forth in the assignments of error considered above along with the following additional:

(1) Defendant was not legally cited and return legally made as required by Section 2 of Art. 179, Code of Practice;

(2) That petitioner herein (defendant in above suit) had movable property within the jurisdiction of this court, which should have been seized before the real estate in compliance with the Code of Practice.

As the record shows that defendant filed a motion for a new trial in this cause on May 17th, his objections to the citation and return contained in this suit were filed too late.

Voluntary appearance of defendant supplies or cures want of citation.

Sharp vs. McBride, 134 La. 251, 63 So. 892.
Farley vs. Frost-Johnson Lbr. Co., 133 La. 519, 63 So. 122.
Heard vs. Patent, 27 La. Ann. 542.
City of New Orleans vs. O. E. Hall, 21 La. Ann. 438.

(2) As regards seizing personal property, first, the Supreme Court has held that the debtor, who fails to point out the movable property, loses the right given by Art 646, Code of Practice.

See Heffner vs. Hesse and Vergez, 29 La. Ann. 155.
Nobles vs. Nettlis, 3 R. 153.

As appellant has cited no later authority to the contrary other than the above, we find no merit in this point.

Furthermore, this court has held in the case of Surety Credit Co. vs. Bauer, 1 La. App. 285, that a party is not entitled to maintain an action for nullity of judgment, where he has been guilty of negligence or laches.

On this point see also Pelletin vs. Sommerville, 112 La. 1092, 36 So. 864, and

Wise-Miller vs. W. W. Humphey, No. 11,023, Orl. App., not yet reported.

For above reasons the judgment in Suit No. 11,195 is affirmed.

### SUIT NO. 11,203.

In this suit the only question at issue, namely, the legality of seizure of a conductor's wages, has already been decided by this court in Welfare Loan Society vs. Montz, No. 11,007 of the docket of this court, where it was held that a conductor's wages were liable to seizure.

For above reasons the judgment is reversed and it is now ordered that the rule to traverse the garnishment be dismissed.